REED *et al. v.* RAYMOND.

*(Circuit Court, W. D. Pennsylvania.* October 23, 1888.)

1. PLEADING—AFFIDAVIT OF DEFENSE.
    An affidavit of defense is insufficient unless it sets forth explicitly all the facts necessary to constitute a substantial defense.

2. VENDOR AND VENDEE—PURCHASE-MONEY MORTGAGE—FORECLOSURE.
    In a suit on a purchase-money mortgage the affidavit of defense set forth that the plaintiffs knew that defendant purchased the mortgaged premises to manufacture thereon iron and steel by a new process, and "the purchase was made upon the direct assurance, condition, and representation that natural gas would be immediately and continuously carried to and supplied to said premises in sufficient quantities for manufacturing purposes," by C. company, with which some of the plaintiffs were connected, and plaintiffs "knew that without the supply of such gas said purchase would not have been made;" but that natural gas had not been so furnished by C. company, or by any one, although said company had completed its lines, and was supplying gas to other manufacturing concerns. *Held,* that the affidavit of defense was insufficient to prevent judgment.

*Sci. Fa. sur* Mortgage. On rule for judgment for want of a sufficient affidavit of defense.

*John P. Vincent,* for rule.

*S. Schoyer, Jr., contra.*

ACHESON, J. This is a *scire facias* upon a mortgage given by the defendant to his vendors, the legal plaintiffs, for the balance of purchase

money of certain lands (having a manufacturing establishment thereon) which the latter sold and conveyed to the former.   It appears from the affidavit of defense that the mortgage was assigned by the legal plaintiffs to the use plaintiffs, in consideration of the satisfaction by the latter of paramount liens which they held against the premises, the defendant executing a certificate of no defense.   Whether the affidavit of defense states such facts as entitle the defendant, in the face of his said certificate, to defend upon the grounds set up against the assignees of the mortgage, for whose use the suit is prosecuted, I will not stop to inquire, but will proceed at once to consider whether the affidavit discloses any sufficient ground of defense.   It is well settled that an affidavit of defense is insufficient unless it sets forth all the facts necessary to constitute a substantial defense.   *Bryar* v. *Harrison*, 37 Pa. St. 233; *Marsh* v. *Marshall*, 53 Pa. St. 396.   General averments amounting to legal conclusions will not do; the facts must be stated in order that the court may draw the proper conclusion.   Id.   For example, general allegations of fraud or of undue influence in procuring an agreement are not enough.   *Sterling* v. *Insurance Co.*, 32 Pa. St. 75; *Matthews* v. *Sharp*, 99 Pa. St. 560.   Nothing should be left to inference, for what is not stated in the affidavit must be taken not to exist.   *Brick* v. *Coster*, 4 Watts & S. 494; *Peck* v. *Jones*, 70 Pa. St. 83; *Asay* v. *Lieber*, 92 Pa. St. 377.   An affidavit of defense to a portion of a claim must state the amount admitted to be due.   *Griel* v. *Buckius*, 114 Pa. St. 187, 6 Atl. Rep. 153.   In an affidavit of defense setting up a breach of warranty of the quality of goods sold, the mere averment of a warranty, without more, is bad.   The affidavit should disclose whether the warranty was express or implied, and should set forth its terms; and state when, by whom, and by what authority it was made.   *Gould* v. *Gage*, 118 Pa. St. 559–565, 12 Atl. Rep. 476.   Here the material portions of the affidavit of defense are in the words following:

"That the legal plaintiffs and the use plaintiffs knew that affiant was making said purchase for the purpose of carrying on therein the business of manufacturing iron and steel by a new process, and such purchase was made upon the direct assurance, condition, and representation that natural gas would be immediately and continuously carried to and supplied to said premises in sufficient quantities for manufacturing purposes; and that the Columbia Gas-Light & Fuel Company, then constructing its line, and with which the said Wheeler, or others of the plaintiffs, was connected, would so furnish and supply said gas; and said legal and use plaintiffs well knew that without the supply of such gas said purchase would not have been made. * * * But notwithstanding said condition and representation upon which affiant made such purchase, gas was not furnished to said property at any time, either by the Columbia Gas-Light & Fuel Company, or any other company or person, although said Columbia Gas-Light & Fuel Company have long since completed their said lines, and have been furnishing gas to other manufacturing concerns in Sharon and Middlesex."

Now, certain it is that the "direct assurance, condition, and representation" referred to are not contained in the mortgage sued on, and it is not alleged or pretended that they are to be found in the deed conveying the property to the defendant.   Were they, then, verbal, or embodied in

some collateral writing? When were they made? Who gave the "direct assurance," or entered into the "condition," or made the "representation?" Was it one or other of the legal plaintiffs, or one of the use plaintiffs, or the attorney, referred to in another part of the affidavit, who acted both for the defendant and the use plaintiffs, or was it some different person altogether? Was the "condition" express or implied? What were its terms? If natural gas was not furnished, was the defendant to be recompensed, or was the sale to be rescinded at his election? Upon all these material points the affidavit of defense is wholly silent. As was said in *Marsh* v. *Marshall, supra,* so may it be said here, that "upon such a loose and inconclusive statement of part of the facts of a case no court would deem it prudent to base a judgment."

Again, according to the averment of the affidavit the natural gas was to be furnished and supplied not by the plaintiffs, or any of them, but by the Columbia Gas-Light & Fuel Company, "then constructing its line, and with which said Wheeler, or others of the plaintiffs, was connected." What this connection was, is not disclosed. It will be perceived, however, that no bad faith or misrepresentation is imputed to any of the plaintiffs. Indeed, the alleged "assurance," etc., (by whomsoever made,) related to something to be done in the future by the Columbia Gas-Light & Fuel Company. At the very utmost, then, the plaintiffs were only answerable for the refusal of that company to furnish and supply the needed gas. Now, the defendant contents himself with the cautious statement that no gas was supplied to him, although said company completed its lines, and has furnished natural gas to other manufacturing concerns. But he avoids saying that he put his manufacturing establishment in proper condition to receive natural gas, and he carefully refrains from averring that he ever notified or requested said company to furnish such supply, or that the company refused to furnish it.

Furthermore, the affidavit of defense does not allege that the defendant has sustained any damages whatever by reason of the non-supply of natural gas. Giving the utmost allowable effect to the averments of the defendant's affidavit, it shows only a partial failure of consideration susceptible of compensation in damages, if any loss was sustained. *Yard* v. *Patton,* 13 Pa. St. 278–282. But the defendant does not allege that he has suffered any actual damage. Certainly the affidavit of defense presents no case for the rescission of an executed contract. No agreement to rescind is set out, and no grounds are laid upon which a court would base a decree of rescission. *Stephen's Appeal,* 87 Pa. St. 202. In the opinion of the court, the affidavit of defense is incomplete, vague, and evasive in its statement of facts, and, under the authorities, altogether insufficient to prevent judgment. *City of Erie* v. *Butler,* 14 Atl. Rep. 153. And now, October 23, 1888, the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense, is made absolute; and it is ordered that judgment be entered in favor of the plaintiffs for the amount of their claim, etc., as set forth in their statement.