# CITY OF ERIE, FOR USE, v. JOHN C. BRADY.

| 127 | 169 |
|---|---|
| 169 | 374 |
| 127 | 169 |
| 176 | 482 |
| 127 | 169 |
| 192 | 3 |

ERROR TO THE COURT OF COMMON PLEAS OF ERIE COUNTY.

Argued April 30, 1889—Decided May 29, 1889.

1. A municipal ordinance providing for the paving and curbing of a city street, enacted subsequently to the act of May 1, 1876, P. L. 94, is null and void, if before its passage the councils have not caused an estimate to be made of the total cost of such improvement, maps, etc., thereof, and had the same attached to the ordinance, as required by said act.

2. When such an estimate has not been previously made and attached to the ordinance at its passage, the defect is not cured by the provisions of § 2, act of May 17, 1887, P. L. 118, that "all taxes heretofore levied in any cities of the third, fourth and fifth classes, . . . . and all assessments, made in pursuance of the ordinances of such cities, are hereby made valid."

3. When it appeared that in fact the provisions of the act of 1876 were formally complied with by the city engineer, but that the estimate made was not such as the defendant considered sufficient, the proper method to state the defence was to set out a copy of the estimate with an averment of the defects in it.*

--------

*See Erie City v. Butler, 120 Pa. 374.

4. If, however, the defendant assumed the responsibility of being sworn to matters which were admittedly conclusions of law, but which were stated in unqualified language as positive averments of fact, such a course cannot be too strongly reprobated: per Mr. Justice MITCHELL.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Nos. 129, 130, 131 January Term 1889, Sup. Ct.; court below, Nos. 171, 190, 191 September Term 1887, C. P.

On August 3, 1887, a scire facias sur municipal lien No. 21 February Term 1887, was duly issued to No. 171 September Term 1887, wherein the city of Erie, for use of the Barber Asphalt Paving Co., was plaintiff, and "A piece of land on Eighth street, John C. Brady, assignee of the German Savings Institution, owner or reputed owner," was defendant. To Nos. 190, 191 September Term 1887, like writs were issued upon liens against a piece of land on Eighth street, the heirs of W. L. Cleveland, deceased, owners or reputed owners, wherein the same parties as above were plaintiffs.

On July 20, 1888, an affidavit of defence was filed in each case, averring in substance:

1. That the city of Erie was a city of the fifth class organized and acting under the act of May 23, 1874, P. L. 230, and the several supplements thereof, which said act and its supplements were unconstitutional and void, so far as they sought to confer upon the city of Erie authority to order pavements to be laid at the cost of abutting properties and liens to be filed therefor.

2. That the petition of the property owners and the ordinance providing for the pavement, called for an asphaltum pavement, while the pavement laid under the contract contained only five per cent of pure asphaltum, and by reason of the deficiency in asphaltum the pavement had become cracked and broken.

3. That at all times since the passage of the municipal act of May 23, 1874, the debt of the city of Erie had exceeded the constitutional limit, and as the ordinance provided that the city should pay the cost of paving all street intersections, and no provision was made to pay the same, the adoption of the ordinance was a direct attempt to increase the debt of the city without authority of law, and was therefore illegal and void; that it was void

also because the consent of a majority of the property owners had not been obtained, and the ordinance was not advertised in the official paper of the city as required by law.

4. That the contract was illegal and void, because the ordinance provided only for the laying of a pavement, while the contract provided for constructing sewers, man holes and catch basins as well, and because the city did not provide for the payment of damages caused to property owners by changing the grade of the street.

5. That the municipal claim was void because it included the cost of said man holes, catch basins and sewers, while the ordinance provided only for the laying of a pavement in Eighth street; and because it was not accompanied with any specifications of the items of cost of said pavement, nor with any specifications or statement of the contract under which said pavement purported to have been constructed.

With the foregoing affidavit there were filed as exhibits, the city ordinance of February 25, 1878, accepting the provisions of the act of May 23, 1874, P. L. 230; the ordinance relating to the paving and curbing of Eighth street from Parade street to Walnut street, and providing for the assessment and collection of the cost thereof, and the contract and specifications with the Barber Asphalt Paving Co.

On October 17, 1888, by leave of court, a supplemental affidavit of defence was filed, which averred, inter alia, as follows:

" 6. The councils of the city of Erie passed the ordinance for the paving of Eighth street, entitled ' An ordinance relating to the grading, paving and curbing of Eighth street from Parade street to Walnut street and providing for the assessment and collecting the cost thereof,' under which the work was done and the materials furnished, as claimed by the plaintiff in their case, without causing the engineer of the city of Erie to make an estimate of the 'total cost of such improvement, particularly stating the items and the cost of each,' and causing same to be attached to said ordinance before and at the time of its passage."

Rules for judgment for want of sufficient affidavits of defence having been argued, the court, GUNNISON, P. J., on November 12, 1888, filed the following opinion and order:

The act of May 1, 1876, P. L. 94, provides "That the councils of cities in this commonwealth shall not pass any ordinances authorizing the grading or paving of any avenue, street or alley . . . . . before they have caused the city engineer to make an estimate of the total cost of such improvement, particularly stating the items and the cost of each, . . . . . which estimate, map, plan or schedule shall be attached to the ordinance before its passage and shall remain on file in the proper office for the benefit of all persons interested; and any ordinances which shall be passed by the councils of any city of this commonwealth authorizing the grading or paving of any avenue, street or alley . . . . . before the provisions of this act are complied with, shall be null and void and of no effect; Provided, That the provisions of this act shall not extend to cities of the first class."

The ordinance under which the pavement, the cost of which is sought to be recovered in this proceeding, was laid, was approved June 17, 1876, and the defendants set up as a defence, inter alia, that the requirements of the act quoted above were not observed in its enactment.

The plaintiff contends, first, that the act of assembly is unconstitutional because local legislation, and second, that even if it is constitutional, and its requirements were not observed in the passage of the ordinance, the informality was cured by the act of May 17, 1887, P. L. 118.

I cannot agree with the learned counsel for the plaintiff that the act of 1876 is unconstitutional. It does not contain the objectionable features which were contained in the acts of May 23, 1874, and March 18, 1875, which provided that it should be optional with each city whether or not it should become subject to their provisions, thus making it possible for some cities of a particular class to become subject to them, while other cities of the same class were not so subject. It applies to all cities of the commonwealth excepting those of the first class. The classification of cities by the act of 1874 has been declared to be within the power of the legislature, and legislation for the government of all cities of any particular class therein constituted is general and not local legislation: Wheeler v. Philadelphia, 77 Pa. 338; Kilgore v. Magee, 85 Pa. 401. This act is general as to all cities excepting those of the first

class, and the ordinance for the pavement if not accompanied " by the estimate of the total cost of the improvement, particularly stating the items and the cost of each," was, by the express terms of the act, " null and void and of no effect." That it was not accompanied by such estimate is alleged in the supplemental affidavit of defence, and that allegation, for the purposes of this rule, must be taken as true.

Was the informality in the passage of the ordinance cured by the act of May 17, 1887? After authorizing cities of the third, fourth and fifth classes to levy and collect taxes for general revenue, and for paying the interest on bonded indebtedness, and for the payment of loans to support the goverment and make necessary improvements, and giving priority of lien to such taxes, etc., it enacts: " And all taxes heretofore levied in any of the cities of the third, fourth and fifth classes in any one year, in amount not exceeding twenty mills on the dollar, and all assessments, made in pursuance of the ordinances of such cities, are hereby made valid."

The plaintiff contends that the expression, " all assessments," includes assessments for the cost of paving streets, which are made upon the property abutting the improvement, and which are not paid by general taxation. Is that the sense in which the expression is used in this act?

The word " assessment" is not exclusively applicable to local charges for street improvements. It is equally applicable to all kinds of taxes, and has been repeatedly used by the legislature in legislating upon the subject of taxation for general revenue purposes. The general tax laws provide for the " assessment of county taxes," the " assessment of school taxes," and the " assessment of state taxes." The supervisors of any township are authorized to " lay a rate or assessment not exceeding one cent on the dollar at any one time upon all real and personal estates within said township;" similar authority " to lay a rate or assessment " is conferred upon the overseers of the poor of any township. A similar use of the word occurs frequently in the municipal law of 1874 and its supplements, and indeed in many, if not most of the laws enacted upon the subject of taxation. It is my opinion that this is the sense in which it is used in the act under consideration, for the purpose of providing for all possible objections that may be raised to the tax

levies and assessments which were the subject of the act. Taken in this sense, the language is clear and unambiguous and germane to all the preceding provisions of the act. In the sense contended for by the plaintiff, it is vague, uncertain, and wholly unconnected with the subject and purposes of the act as expressed in the other portions of it. But if it is conceded that the word is used to indicate assessments for street improvements on property benefited by them, it may well be doubted whether the legislature intended it to be retroactive in its effect as to such assessments.

That the legislature has the power to pass retrospective laws cannot be doubted. A recent example of the exercise of that power is found in the act of April 30, 1885, P. L. 11, which enacted that all ordinances theretofore passed, levying taxes in any of the cities of the third, fourth and fifth classes, in amount not exceeding twenty mills in any one year, were validated; and the Supreme Court affirmed the validity of that act in Erie City v. Reed, 113 Pa. 468. It was the clearly expressed intention of the act that it should·be retrospective in its effect. But there is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively, and not retrospectively, unless the language is so clear as to preclude all question as to the intention of the legislature. "Retrospective laws generally, if not universally, work injustice and ought to be so construed only when the mandate of the legislature is imperative:" Taylor v. Mitchell, 57 Pa. 209; "No statute is held to operate retroactively unless its language admits of no other construction:" Neff's App., 21 Pa. 243: "And nothing short of the most indubitable phraseology is to convince us that the legislature meant their enactment to have any other than a prospective operation:" Dewart v. Purdy, 29 Pa. 113. See also Juniata Township, 31 Pa. 301, and Ihmsen v. Monongahela Navigation Co., 32 Pa. 153.

Here the language is: "And all taxes heretofore levied in any of the cities of the third, fourth, and fifth classes, in any one year, in amount not exceeding twenty mills on the dollar, and all assessments made in pursuance of the ordinances of such cities are hereby made valid." It will be seen that the word "heretofore," in the sentence, is only used in connection

with the word " taxes " and is not used in connection with the word " assessments." The omission is significant, and indicates the intention of the legislature not to give the statute a retroactive effect as to assessments for street improvements, if that is what they meant by the word assessments. If they intended by the language to distinguish between general taxes and local charges, it is equally clear they intended to distinguish between the effect to be given to the act upon the two kinds of taxation. As to the one, its effect is retrospective, and as to the other, prospective. At least, it must be conceded that the language admits of that construction. It is the natural and grammatical construction. If I am correct in my conclusions as to this branch of the defence made by the defendants, their affidavit of defence is sufficient and it is unnecessary to consider the other questions raised.

The rule to show cause is discharged.

Thereupon the plaintiff took these writs, specifying that the court erred:

1. In discharging the rule for judgment.

2. In not entering judgment for plaintiff for want of a sufficient affidavit of defence.

*Mr. F. F. Marshall* (with him *Mr. T. A. Lamb*), for the plaintiff in error.

*Mr. S. F. Davenport* (with him *Mr. George P. Griffith*), for the defendants in error.

OPINION, MR. JUSTICE MITCHELL:

The affidavits in these cases are uncandid and evasive, being really affidavits to conclusions of law, carefully stated so as to appear to be facts.

The defence seems to be without merit either on the facts or the law, but on the affidavits the learned judge was clearly right in refusing judgment, as they contain positive averments, as of facts, of certain matters that if true would be a good defence. The principal of these, which is all we need notice in detail, is the unqualified averment in the supplemental affidavit, paragraph 6, that the councils passed the ordinance

"without causing the engineer of the city of Erie to make an estimate of the total cost of such improvement, particularly stating the items and the cost of each, and causing the same to be attached to said ordinance before and at the time of its passage."

This, if true, was a good defence. The act of May 1, 1876, P. L. 94, expressly declares that any ordinances authorizing the grading or paving of streets, etc., before compliance with the requirements of the act as to such estimate, etc., shall be void. And this defect is not cured as to the present claims by the act of May 17, 1887, P. L. 118, as is very satisfactorily shown by the learned judge below.

It appears clearly by the admissions of the argument, both oral and printed, that in fact the provisions of the act of 1876 were complied with formally by the city engineer, but that the estimate made by him was not such an estimate as defendants chose to consider that the law required. It is hardly necessary to say that the proper mode of stating this defence was to set out a copy of the estimate, and an averment or suggestion of its defects, so that the court might determine whether or not it met the requirements of the law. Instead of doing this, the defendants not only assumed the responsibility of swearing to their own conclusions of law, but stated them as positive averments of fact, in the unqualified language already quoted. Such a course cannot be too strongly reprobated. But as this is all we have on the record, notwithstanding the concessions of the argument, the allegation in the affidavit must for the present purposes be taken as true.

The other averments, notably those in relation to the advertisement of the ordinance, and to the change of grade, and the statement that the contract departs from the ordinance by providing for sewers, appear to be equally devoid of truth, and made with equal recklessness, but it is not necessary to discuss them further, as it is clear that on the face of the affidavits there is a good defence, and that is sufficient to prevent judgment.

Order discharging rule for judgment affirmed.