WILLIAM F. STOKES, an Infant, by JOHN H. STOKES, his Guardian ad Litem, Respondent, *v.* THE ATLANTIC AVENUE RAILROAD COMPANY of Brooklyn, Appellant.

*Dismissal of a complaint — when not upon the merits.*

Upon the trial of an action at Circuit before a jury, the complaint was dismissed at the close of the testimony on the part of the plaintiff, and a judgment of dismissal was entered. No question was submitted to the jury, nor was a verdict directed by the court. Subsequently the defendant made a motion to amend the judgment so that it should appear that the complaint was dismissed upon the merits.

*Held*, that it would be not only irregular but erroneous for the court to dismiss such a case upon the merits, and that the motion to so amend the judgment was properly denied.

APPEAL by the defendant, The Atlantic Avenue Railroad Company of Brooklyn, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 19th day of March, 1895, denying

the defendant's motion to correct and amend the clerk's minutes of the trial and the *postea* or judgment herein.

*Tracy, Boardman & Platt*, for the appellant.

*G. Washbourne Smith*, for the respondent.

DYKMAN, J.:

This is an appeal from an order made at Special Term denying a motion by the defendant to amend the judgment in this action by inserting after the word " dismissed " the words " upon the merits of the action." The suit was brought for the recovery of damages for personal injuries to the plaintiff. Upon the trial at Circuit before a jury upon the close of the testimony upon the part of the plaintiff, the complaint was dismissed and judgment of dismissal was entered. No question was submitted to the jury nor was the verdict directed by the court.

In such cases it is not only irregular but would be erroneous for the court to dismiss the case upon the merits, or for a clerk to insert in the judgment that the dismissal was upon the merits. (*Martin v. Cook*, 37 N. Y. St. Repr. 733.)

All authorities are harmonious upon this subject. The case last cited was an action brought by a servant against his master to recover damages for personal injuries. After the plaintiff had rested, on motion of defendant's counsel, the court dismissed the complaint upon the merits. On the appeal from that order the words " upon the merits " were stricken out and the court held that a dismissal in such a case was not upon the merits. The dismissal of the complaint in this case was equivalent to a nonsuit and should be treated in the same way.

If the counsel for the defendant, upon the trial, had procured a dismissal upon the merits, and the judgment had been so entered, it would have been erroneous, as we have already seen, and would have been corrected upon motion.

The order should be affirmed, with ten dollars costs and disbursements.

PRATT, J., concurred; BROWN, P. J., not sitting.

Order affirmed, with ten dollars costs and disbursements.