THE NEUCHATEL ASPHALTE COMPANY, Limited, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK; MATHIAS THERIAULT, JAMES THOMSON, THE MASONS' SUPPLIES COMPANY, EVA CONTOIS, as Administratrix of EDMOND CONTOIS, Deceased, and PASCAL THERIAULT, Appellants, et al.

1. FOREIGN CORPORATION — ENFORCEMENT OF CONTRACT MADE PRIOR TO CERTIFICATE FOR DOING BUSINESS IN THIS STATE. The effect of the concluding clause of section 15 of the General Corporation Law of 1892 (Ch. 687), that " no foreign stock corporation doing business within this state without such certificate shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate," was to permit such a corporation, on obtaining the certificate prescribed by that section as a condition precedent to doing business in this state, to enforce a contract made by it after the passage of the law and before procuring the certificate.

2. ENFORCEMENT BY FOREIGN CORPORATION, THROUGH MECHANICS' LIEN, OF CONTRACT MADE PRIOR TO CERTIFICATE FOR DOING BUSINESS IN THIS STATE. A foreign stock corporation, which was doing business in this state at the time of the passage of the General Corporation Law of 1892, made a contract, after the passage of the law, for furnishing materials for a building, and filed a notice of lien therefor, without having obtained the certificate prescribed by the law as a condition precedent to doing business in this state. Thereafter, and after the completion of its contract, the corporation obtained such certificate, and thereupon, and within ninety days after filing the notice of lien, commenced an action to foreclose the lien. *Held*, that the action was maintainable, by force of the concluding clause of section 15 of the law of 1892.

*Neuchatel Asphalte Co.* v. *Mayor*, 12 Misc. Rep. 26, affirmed.

(Submitted March 3, 1898; decided March 25, 1898.)

APPEAL from a judgment of the General Term of the late Court of Common Pleas for the city and county of New York, entered April 9, 1895, modifying a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term, by providing for the payment out of the fund, of the plaintiff's lien in the order of priority of its filing.

This was an action brought to foreclose a mechanics' lien.

The facts, so far as material, are stated in the opinion.

*C. J. G. Hall* for Mathias Theriault, Eva Contois, as administratrix, and Pascal Theriault, appellants. The plaintiff lost its lien for the reason that it did not commence an action by service of the summons upon the principal debtor, Mathias Theriault, within the ninety days after filing its notice of claim. (L. 1882, ch. 410, § 1827; *Henry* v. *Lynch*, 1 N. Y. Supp. 780; *Smith* v. *Gault*, 5 Month. Bull., May, 1893; *Kelsey* v. *Combe*, 50 How. Pr. 358; Code Civ. Pro. §§ 398, 399.) The contract between the plaintiff and the defendant Theriault, for doing work described in the complaint, was in violation of the statute of this state, and void, and the plaintiff is not entitled to enforce the payment of its claim, or to maintain this action. (*Miller* v. *Ammon*, 145 U. S. 426; *Demarest* v. *Flack*, 128 N. Y. 217; *Best* v. *Bauder*, 29 How. Pr. 489; *De Witt* v. *Brisbane*, 16 N. Y. 508; *Hall* v. *Bishop*, 3 Daly, 100; *Swords* v. *Owen*, 2 J. & S. 277; *Griffith* v. *Wells*, 3 Den. 296; *Bloom* v. *Sabriski*, 59 N. Y. S. R. 277; *Lowry* v. *G. S. Assn.*, 28 N. Y. Supp. 560.)

*James W. Perry* for James Thomson, appellant. The legislature may impose conditions subject to which foreign corporations may or may not do business in this state. Contracts made by a foreign corporation while doing business in violation of such conditions are invalid. (L. 1892, ch. 687, § 15; *Demarest* v. *Flack*, 128 N. Y. 217; *H. S. M. Co.* v. *State of N. Y.*, 143 U. S. 312; *C. M. Co.* v. *Ferguson*, 113 U. S. 727; *Lasher* v. *Stimson*, 145 Penn. St. 30; *Hegernan* v. *E. S. Co.*, 97 Penn. St. 534; *Thorne* v. *T. Ins. Co.*, 80 Penn. St. 17; *Holt* v. *Green*, 73 Penn. St. 198; *R. S. Ins. Co.* v. *Slaughter*, 20 Ind. 520; *Ginn* v. *N. E. M. & S. Co.*, 92 Ind. 135; *Christial* v. *A. F. L. M. Co.*, 89 Ala. 198; *D. M. Co.* v. *Nixon*, 95 Ala. 318; *Farrior* v. *N. E. M. Co.*, 88 Ala. 278.) The alleged contract on which plaintiff bases its claim was made in violation of law of this state. It, therefore, never had any legal existence here, and is not enforceable. Obviously there is nothing to enforce. (*Cranford Mills* v. *Goddard*, 69 Fed. Rep. 141; Sedg. on Stat. Law, 199, 359;

*People ex rel.* v. *Comrs. of Taxes*, 95 N. Y. 559 ; *Gay* v. *Seibold*, 97 N. Y. 477 ; *People ex rel.* v. *Lacombe*, 99 N. Y. 49.)

*E. T. Lovatt* for the Masons' Supplies Company, appellant.   The contract was void because it was made by a foreign corporation without a certificate having been procured.   After the completion of the contract, it could not be enforced by reason of the said corporation having thereafter obtained a certificate authorizing it to do business.   (*P. S. & G. P. Co.* v. *Connell*, 86 Hun, 319 ; White on Corp. [3d ed.] 281.)

*Thomas M. North* for respondent.   Plaintiff's contract was not void.   (*Pratt* v. *Short*, 79 N. Y. 437 ; *S. H. Bank* v. *Codd*, 18 N. Y. 244 ; *D. S. M. Co.* v. *Best*, 30 Hun, 642 ; *Harris* v. *Runnels*, 12 How. [U. S.] 84 ; *Nat. Bank* v. *Whitney*, 103 U. S. 102 ; *Fortier* v. *N. O. Bank*, 112 U. S. 451 ; *Nat. Bank* v. *Matthews*, 98 U. S. 627 ; *G. M. Co.* v. *Nat. Bank*, 96 U. S. 641 ; *Pangborn* v. *Westlake*, 36 Iowa, 549 ; *Vining* v. *Bricker*, 14 Ohio St. 331 ; *McMahon* v. *Boden*, 39 Conn. 316.)   The plaintiff's lien was not lost. (*M. & T. Bank* v. *Mayor, etc.*, 97 N. Y. 362 ; *Moran* v. *M. H. Bank*, 9 N. Y. Supp. 715 ; *Herbert* v. *Day*, 33 Hun, 463 ; *Campbell* v. *Hughes*, 73 Hun, 14.)   Quite irrespective of any statute or statutory lien, every sub-contractor may have the benefit of the principal contract, which is written into the sub-contract by operation of law.   (97 N. Y. 357 ; 123 N. Y. 268.)

Gray, J.   The plaintiff, a foreign corporation, filed a notice of lien against the premises in question, October 25th, 1893, as a sub-contractor in the furnishing of materials under a certain contract for the alteration of a building in the city of New York.   It had been doing business in this state for fourteen years prior to the contract in question ; but it had not procured from the secretary of state the certificate required by chapter 687 of the Laws of 1892.   On December 4th, 1893, after the completion of its contract and the filing of its notice of lien, the plaintiff applied for and obtained the required certificate.   On January 12th, 1894, within ninety days after

the filing of the lien, an action for its foreclosure was commenced; which was, as were several other actions by lienors, consolidated with an action commenced by a lienor on January 16th, 1894.

The only important question demanding our consideration, upon this review, is whether, by reason of the provisions of· the act of 1892, the plaintiff could file a lien and enforce its contract. The act provides, by section 15, that "no foreign stock corporation other than a monied corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state. * * * No such corporation now doing business in this state shall do business herein after December 31, 1892, without having procured such certificate from the secretary of state, but any lawful contract previously made by the corporation may be performed and enforced within the state subsequent to such date. No foreign stock corporation doing business in this state without such certificate shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate."

At the Special Term, the trial judge held the prohibition of this statute to be absolute and that no contract made in violation of it could be enforced. At the General Term, his decision was reversed, upon the reasoning that by virtue of the concluding clause of the section a contract, although prohibited, might become, nevertheless, enforceable by an action when the certificate was procured. I think we should hold with the General Term.

The plaintiff was a corporation doing business in this state at the time of the passage of the act, and had not, at the time of making of its contract, or of filing its notice of lien, procured the necessary certificate. Hence, by force of the statute, it was prevented from maintaining an action to enforce its contract. But when a foreign corporation, having a lawful contract to enforce, found itself in that situation, the statute tendered relief in providing that the inhibition upon the right

of action should only endure while it was without the certificate. The inhibition operated upon the remedy; but was lifted, if the delinquent corporation was able to procure the issuance by the secretary of state of a certificate entitling it to do business here. This statute was simply declaratory of the policy of the state that foreign stock corporations should not carry on any business in this state, which similar corporations organized under its laws could not lawfully conduct. Its purpose was not to avoid contracts; but to provide for an effective supervision and control of the business proposed to be carried on here by foreign corporations. It provided no penalty, in the event of a non-compliance, other than the suspension of civil remedies. Such, and such only, were the consequences of the violation of the statute and none others will be implied as intended by the legislature. The offense aimed at was only an offense, because declared by the statute to be so and its particular proportion and consequences were defined therein. The concluding clause of section 15, which prescribed the consequences to follow upon a failure to comply with the statute, qualified the absolute nature of the earlier prohibitory declaration and, unless it were given that effect, it could have no practical operation.

Other questions have been correctly disposed of and I think we should affirm the judgment appealed from, with costs.

All concur.

Judgment affirmed.