CITY TRUST, SAFE DEPOSIT & SURETY CO. v. GLENCOVE GRANITE
CO.

(Circuit Court of Appeals, Third Circuit.   January 24, 1902.)

No. 15.

AFFIDAVIT OF DEFENSE—SUFFICIENCY—FORMER JUDGMENT.

Affidavit of defense, in action against T., as surety of C., on a bond conditioned to pay any judgment that plaintiff might recover against C. on a lien claim. is sufficient to present a prima facie defense, and prevent a summary judgment, where it alleges that plaintiff sued T. and C. in a New York court to recover such sum as might be determined to be due plaintiff from them under the bond; that said action was proceeded with fully and on its merits. and that it was there adjudicated that plaintiff could recover nothing against T.; and a judgment of the New York court is set out, finding for plaintiff against C., but finding that plaintiff was a foreign corporation, and had failed to prove that it had procured the certificate required to entitle it to do business in and sue in the state, and, as against T., dismissing the complaint.

Dallas, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Lincoln L. Eyre, for plaintiff in error.

Horace L. Cheyney and Laroy S. Gove, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON. Circuit Judge.   This writ of error is brought for the reversal of a judgment entered against the defendant below (the plaintiff in error) for want of a sufficient affidavit of defense.   The Glencove Granite Company, a corporation of the state of Maine, on February 25, 1901, brought an action in the court below against the City Trust, Safe Deposit & Surety Company, a corporation of the state of Pennsylvania, upon a bond given to the plaintiff by Patrick Costello, as principal, and the defendant company, as surety, whereby the obligors jointly and severally undertook to pay to the Glencove Granite Company the amount of any judgment, not exceeding $8,279, which might be recovered in an action upon the claim or demand specified in a certain notice of lien filed by the plaintiff against moneys due Costello from the city of New York under a specified street-paving contract; and the plaintiff's statement of claim in this suit averred that the plaintiff brought an action in the supreme court of the state of New York, in the county of New York, to foreclose said lien, against said Patrick Costello, and that therein a judgment or decree was entered in favor of the plaintiff against Costello in the sum of $5,860.31, together with the sum of $402.22 costs,—in all, the sum of $6,266.53.   The defendant company filed an affidavit of defense, which averred that on or about May 5, 1899, the plaintiff, the Glencove Granite Company, brought suit against Patrick Costello and the City Trust, Safe Deposit & Surety Company in the supreme court of the county of New York, in the state of New York, to recover such moneys as might be in said suit determined to be due said Glencove Granite Company by

said Patrick Costello and said the City Trust, Safe Deposit & Surety Company by virtue of the terms and provisions of their bond sued upon in the present action; that the defendant company was served with process in said former suit, and entered an appearance in that action, and that the same "was duly proceeded with, fully and upon the merits thereof, for the same cause of action as now here and again sued upon, and between the same parties, with the addition of said Patrick Costello and the city of New York"; that after issue joined, in accordance with the practice and law of the state of New York, and by consent of all the parties, the case was tried upon all questions of fact and law before one of the justices of said supreme court without a jury; and that, in pursuance of the decision rendered in that proceeding, "a judgment was rendered by said court, and duly filed, in favor of the said the City Trust, Safe Deposit & Surety Company, and against the Glencove Granite Company, whereby it was adjudicated that the said Glencove Granite Company could not recover anything whatsoever against the City Trust, Safe Deposit & Surety Company, with a further order or judgment against said plaintiff for the payment of costs." And the affidavit of defense averred that said judgment "now stands unappealed from and unreversed, and as a final judgment in said cause." A rule for judgment for want of a sufficient affidavit of defense having been taken, the defendant company, "with leave of, and in pursuance of, the order of the court," filed a supplemental affidavit of defense, and, as part thereof, attached thereto a full and true copy of the judgment entered by the supreme court of the state of New York, referred to in the original affidavit of defense. Referring to this copy, we find that the judgment recites that the "issues in this action to foreclose a municipal lien against the defendant Patrick Costello, as contractor, and the defendant the City Trust, Safe Deposit & Surety Company of Philadelphia, as surety therefor," came on for trial before the Honorable Charles H. Truax, one of the justices of the court, who made and filed his decision, "wherein and whereby he found and decided that the plaintiff was, and still is, a foreign corporation organized under the laws of the state of Maine, and that the defendant the City Trust, Safe Deposit & Surety Company of Philadelphia was, and still is, a foreign corporation organized under the laws of the state of Pennsylvania, and lawfully transacting business in the state of New York; that, as against the defendant the said City Trust, Safe Deposit & Surety Company of Philadelphia, the plaintiff, the Glencove Granite Company, had failed to prove that it had procured from the secretary of state the certificate required by section 15 of the general corporation law, for the purpose of authorizing the said plaintiff to do business in, and sue in the courts of, the state of New York, as a foreign corporation; that the plaintiff cannot recover in this action against the bond of the said defendant the City Trust, Safe Deposit & Surety Company of Philadelphia, given to discharge the plaintiff's lien herein, and that the complaint of said plaintiff, as against said defendant, be dismissed, with costs to said defendant the City Trust, Safe Deposit & Surety Company of Philadelphia, against said plaintiff"; and then, after further recitals of findings by

said justice as to the paving contract between Patrick Costello and the city of New York, the work done, and amount due thereunder, the furnishing of materials for the work to Costello by the plaintiff, the filing of the plaintiff's notice of lien, and the giving by Costello, as principal, and the City Trust, Safe Deposit & Surety Company, as surety, of the bond aforesaid, whereby the plaintiff's lien was discharged, the judgment proceeds thus:

"Now, on reading and filing the summons, complaint, answers of the defendants, Patrick Costello and the City Trust, Safe Deposit & Surety Company of Philadelphia, the decision of Mr. Justice Truax, and on motion of Frederick J. Swift, Esq., attorney for the defendant the City Trust, Safe Deposit & Surety Company of Philadelphia, it is ordered and adjudged that the complaint of the plaintiff herein, the Glencove Granite Company, as against the defendant the City Trust, Safe Deposit & Surety Company of Philadelphia, be dismissed, and that the defendant the City Trust, Safe Deposit & Surety Company of Philadelphia recover of, and have judgment against, the plaintiff, the Glencove Granite Company, for its costs, amounting to the sum of $89.10. And it is further ordered, adjudged, and decreed that the plaintiff, the Glencove Granite Company, recover of, and have judgment against, the defendant Patrick Costello for the sum of $5,860.31, together with the sum of $406.22, costs adjusted as aforesaid, amounting in all to the sum of $6,266.53."

Evidently this judgment against Costello is the same judgment briefly recited in the plaintiff's statement of claim, and which recital is an essential part of the statement. It thus appears that in the same action in which the plaintiff company recovered its judgment against Costello, upon which it relies to make out its case here, the plaintiff proceeded against the present defendant company to charge it upon the bond here sued on, and it was there decided that the plaintiff could not recover thereon, and judgment was rendered dismissing the plaintiff's complaint as against this defendant. We do not have before us the whole record in the former action, but the original affidavit of defense here averred that that action "was duly proceeded with, fully and upon the merits thereof, for the same cause of action as now here and again sued on," and that it was there "adjudicated that the Glencove Granite Company could not recover anything whatsoever against the said the City Trust, Safe Deposit & Surety Company"; and those averments, we think, are consistent with the terms of the judgment brought upon this record by the supplemental affidavit of defense. The controlling question, then, is whether the original and supplemental affidavits of defense were sufficient to prevent a summary judgment against the defendant company, which deprived it of the opportunity of proving the facts alleged. Upon this question our opinion is with the plaintiff in error. We think that the averments of the defendant's affidavits, taken in connection with the New York judgment itself, presented a good prima facie defense to the plaintiff's statement of claim. Extrinsic evidence, not inconsistent with the record, nor impugning its verity, is admissible to show what matters were involved in a former action, and to apply the judgment and give effect to the adjudication actually made. Miles v. Caldwell, 2 Wall. 35, 17 L. Ed. 755; Davis v. Brown, 94 U. S. 423, 24 L. Ed. 204; Wilson's Ex'r v. Deen, 121 U. S. 525, 7 Sup. Ct. 1004, 30 L. Ed. 980. But, independently of the averments

of the affidavits of defense, the judgment in the former action, upon its face, discloses enough to prevent a summary judgment, without trial, against the defendant in the present suit. The finding that the plaintiff, a foreign corporation, had failed to show that it had procured the certificate required by law to authorize it to do business in the state of New York, undoubtedly was a finding responsive to an issue tendered by the pleadings, as between the Glencove Granite Company and the City Trust, Safe Deposit & Surety Company. W. P. Fuller & Co. v. Schrenk, 58 App. Div. 222, 225, 68 N. Y. Supp. 781. Moreover, that finding went to the merits of the case. It related to a substantial matter. It sustained a defense which involved the rights of the parties. It went to the plaintiff's right of action. McCanna & Frazer Co. v. Citizens' Trust & Surety Co., 24 C. C. A. 11, 76 Fed. 420, 39 U. S. App. (third circuit) 332; Miller v. Ammon, 145 U. S. 421, 12 Sup. Ct. 884, 36 L. Ed. 759. Now, the situation is this: The judgment against Costello is an essential part of the plaintiff's case against the surety in the bond in suit. Yet the record showing that judgment also shows a judgment in favor of the surety, and a finding and decision adverse to the plaintiff's right of action. We think, therefore, that, as the case now stands, there appears at least a prima facie defense. The apparent obstacle to a recovery may be open to explanation, and thus put out of the way. Again, if the statutory inhibition against doing business operates only on the remedy, and may be lifted if the delinquent corporation is able to procure out of time the issuance by the secretary of state of the required certificate (Neuchatel Asphalte Co. v. City of New York, 155 N. Y. 373, 377, 49 N. E. 1043), it may be competent for the plaintiff to show here that it obtained such a certificate since the former trial, or even before. Upon these questions we intimate no opinion. We hold simply that the affidavits of defense sufficiently met the plaintiff's statement of claim, and that the same should have gone to trial.

The judgment for want of a sufficient affidavit of defense is reversed, and the cause is remanded to the circuit court for further proceedings.

DALLAS, Circuit Judge (dissenting). Affidavits of defense are exacted for the purpose of avoiding the expense, vexation, and delay of trial in any case in which the defendant cannot, upon oath or affirmation, deny some material allegation of the plaintiff, or himself allege any fact or state of facts which, if established to the satisfaction of a jury, would, as matter of law, support a verdict in his favor. If none be filed during the lawfully prescribed period, the plaintiff becomes entitled to a judgment as of course, but, if an affidavit be interposed which he avers to be insufficient to preclude an immediate adjudication in his favor, an issue resembling that which arises upon a demurrer to a plea is presented, and that issue is for decision upon the facts alleged, and upon them only. But an affidavit of defense differs materially from a plea. In a plea all things may be pleaded according to the pleader's conception of their legal effect, subject to the consequence that a mistake in stating their legal effect,

if apparent upon the face of the pleading, is fatal on demurrer, and, if not apparent, is fatal in evidence (Gould, Pl. c. 3, §§ 174, 176); whereas in an affidavit of defense the facts themselves must be presented, in order that the court may determine whether, if found by a jury, their legal effect would or·would not be to establish a valid defense. Where the Pennsylvania system of practice is not pursued, a plea may, by bare averment, however baseless, coerce a formal trial; but where, as in this jurisdiction, that practice is followed, an affidavit that merely avers a defense, without disclosing the fundamental facts which constitute it, will not, in any case, suffice to postpone a final decision. This distinction has, I think, been generally recognized, and upon its observance, as I believe, is dependent the attainment of the object which the provision for affidavits of defense was intended to accomplish. Therefore affidavits of this sort should state facts, not conclusions; and these, though they need not be set forth with technical exactness, should be made to appear with at least reasonable clearness and certainty. Equivocal statements will not be beneficially interpreted, nor any avoidable ambiguity be aided by intendment. McBrier v. Marshall, 126 Pa. 396, 17 Atl. 647; Erie City v. Brady, 127 Pa. 175, 17 Atl. 885; Bank v. Stadelman, 153 Pa. 637, 26 Atl. 201; Comly v. Bryan, 5 Whart. 265; Bardsley v. Delp, 88 Pa. 420; Jack v. Jones, 70 Pa. 84; Consumers' Gas Co. v. American Electric Const. Co., 1·C. C. A. 663, 50 Fed. 778; Reed v. Raymond (C. C.) 37 Fed. 186.

The affidavit which was first filed in the present case did not meet these authoritatively established requirements. It did not state that the New York judgment was rendered upon the merits, but only that "said action * * * was duly proceeded with, fully and upon the merits"; and though it did state that, by consent, the case was tried before one of the justices upon all questions of fact, as well as of law, without a jury, this, I think, must be understood as meaning nothing more than that the parties agreed to waive a jury. It cannot be taken to mean that it was stipulated that the justice should decide the case upon its merits, and not otherwise; and that he actually did so decide it is nowhere suggested, unless by very dubious inference, although nothing could have been easier than to have distinctly and directly averred that he did, and to have annexed a copy of the record, so that the court might determine whether or not that averment could be verified. Consumers' Gas Co. v. American Electric Const. Co., 1 C. C. A. 664, 50 Fed. 778. But instead of adopting this ingenuous, and therefore proper, mode of stating this defense, resort was had to the "uncandid and evasive" presentment of what are really "conclusions of law, carefully stated so as to appear to be facts." Erie City v. Brady, supra. The court below, however, did not at once enter judgment, but ordered the filing of a supplemental affidavit of defense; and the defendant availed itself of the privilege thus accorded, by filing, "with the leave of, and in pursuance of the order of, the court," an additional affidavit, which, though called "supplemental," was substantially and in effect a substituted one. This second affidavit reasserts the entry of a judgment in the proceeding to which reference had been made in the first one, but it

further declares, with respect to that judgment, "that a full, true, and correct copy is hereto attached, and to be taken as a part of this supplemental affidavit of defense." To what, then, was the court to look for enlightenment in endeavoring to determine what the supreme court of New York had actually adjudicated? Surely, as it seems to me, to this full, true, and correct copy, and to it exclusively; for, apart from it, there was nothing before the court but the simulated and unavailing averment that the action had been proceeded with upon the merits. Now, what does the copy which the defendant relied on disclose? It recites that testimony had been presented by the plaintiff, the Glencove Granite Company; that the defendants, Patrick Costello and the City Trust, Safe Deposit & Surety Company of Philadelphia, had separately moved for a dismissal of said complaint as against each of the defendants; that said testimony and the arguments on said motions to dismiss had been heard and considered by the justice, and that he had found and decided that the plaintiff, the Glencove Granite Company, was a foreign corporation, and that it had failed to prove, as against the City Trust, Safe Deposit & Surety Company of Philadelphia, that it (the Glencove Company) had procured the certificate required by the law of New York for the purpose of authorizing it to do business in, and to sue in the courts of, that state, and "that the plaintiff cannot recover in this action against the bond of the said defendant the City Trust, Safe Deposit & Surety Company of Philadelphia, given to discharge the plaintiff's lien herein, and that the complaint of said plaintiff as against said defendant be dismissed, with costs to said defendant the City Trust, Safe Deposit & Surety Company of Philadelphia, against said plaintiff." Not until after the disposition then about to be made of the case as against the defendant last named had been thus indicated were the intrinsic grounds of action at all adverted to, but immediately thereafter they were recited as prefatory to the conclusion "that the plaintiff was entitled to judgment against the defendant Patrick Costello." Then followed the judgment, in these words:

"Now, on reading and filing the summons, complaint, answers of the defendants, Patrick Costello and the City Trust, Safe Deposit & Surety Company of Philadelphia, the decision of Mr. Justice Truax, and on motion of Frederick J. Swift, Esq., attorney for the defendant the City Trust, Safe Deposit & Surety Company of Philadelphia, it is ordered and adjudged that the complaint of the plaintiff herein, the Glencove Granite Company, as against the defendant the City Trust, Safe Deposit & Surety Company of Philadelphia, be dismissed, and that the defendant the City Trust, Safe Deposit & Surety Company of Philadelphia recover of, and have judgment against, the plaintiff, the Glencove Granite Company, for its costs, amounting to the sum of $89.10. And it is further ordered, adjudged, and decreed that the plaintiff, the Glencove Granite Company, recover of, and have judgment against, the defendant Patrick Costello for the sum of $5,860.31, together with the sum of $406.22, costs adjusted as aforesaid, amounting in all to the sum of $6,268.53."

Nothing, as I view it, could be clearer than the showing of this record. Each of the defendants had separately moved to dismiss. As to one of them—the City Trust, Safe Deposit & Surety Company—that motion was allowed, upon the ground that, as to it, the plaintiff had failed to prove that it was authorized to sue in a court

of New York; and upon that ground solely, for the purpose of the enactment under which the decision was made "was not to avoid contracts," and, notwithstanding the terms of the first clause of the section in question, its only effect, as a whole, is to prohibit a corporation from maintaining an action in that state until it shall have procured the prescribed certificate. Neuchatel Asphalte Co. v. City of New York, 155 N. Y. 373, 49 N. E. 1043; W. P. Fuller & Co. v. Schrenk, 58 App. Div. 225, 68 N. Y. Supp. 781. But as to the other of the defendants, Patrick Costello, the motion to dismiss (for some reason which does not appear, and which is not material) was manifestly disallowed; for, as against him, a judgment for the sum demanded was awarded. As to him, therefore, there certainly was an adjudication upon the merits; but it is, I think, equally apparent that as to his co-defendant they were not decided at all, and, a fortiori, not in a different and seemingly inconsistent way. I conclude that the case was fully determined against Costello, but that, as to the trust company, the court, in pursuance of the incapacitating statute to which it referred, simply declined to take cognizance of it. Its order was not decisive of the issue, but was made, as appears to be the practice (W. P. Fuller & Co. v. Schrenk, supra), in response to an interlocutory motion. If the circuit court had not before it the whole record in the former case, it is because the defendant saw fit to produce but a part of it; and, as I have already said, I cannot agree that that part exhibited a judgment upon the merits, or that the facts requisite to support a plea of res judicata were in any manner made to appear. I do not doubt that either by the entire record, or by evidence dehors the record, but consistent with it, it may be shown what matters were actually adjudicated in a former action; but in these affidavits we have no statement of, nor proposal to prove in either way, any fact whatever concerning the nature or scope of the judgment to which they relate, but merely the gratuitous assertion that in character and amplitude it is something quite different from what on its face it purports to be. For averments such as this I can find no legal justification nor shadow of excuse. Their toleration is not essential to the conservation of any genuine right, and its tendency, I fear, will be to impair the long-established usefulness of the affidavit of defense law in promoting the speedy and economical administration of justice.

I am of opinion that the judgment of the circuit court should be affirmed.