GLENCOVE GRANITE CO. v. CITY TRUST, SAFE DEPOSIT & SURETY CO.

(Circuit Court of Appeals, Third Circuit. November 14, 1902.)

No. 15.

1. FEDERAL COURTS—JUDGMENT OF STATE COURT—EFFECT.

In an action in a federal court sitting in another state the same effect will be given to a judgment in a suit in a state court as would be given to it by the courts of the state in which it was rendered.

2. SAME—DISMISSAL OF COMPLAINT—EFFECT.

Code Civ. Proc. N. Y. § 1209, provides that a final judgment dismissing the complaint before or after trial does not prevent a new action for the same cause, unless it expressly declares or it appears by the judgment roll that it is rendered on the merits. *Held*, that where a complaint in an action by plaintiff, a foreign corporation, in a state court of New York, was dismissed, for failure of plaintiff to prove that it had received a certificate from the secretary of state authorizing it to do business in the state, such judgment was not on the merits, and was therefore no bar to a subsequent action by plaintiff in a federal court sitting in another state on the same cause of action.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Horace L. Cheyney and La Roy D. Gove, for plaintiff in error. Lincoln L. Eyre, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. The former writ of error in this litigation was to a judgment entered against the defendant below for

¶ 1. See Judgment, vol. 30, Cent. Dig. § 1507.

want of a sufficient affidavit of defense. The only question then presented to this court for determination was whether the original and supplemental affidavits of defense which the defendant had filed in answer to the plaintiff's statement of claim were sufficient to prevent a summary judgment. The majority of this court being of opinion that the affidavits of defense were sufficient, the judgment against the defendant was reversed, and the case remanded for further proceedings. Accordingly there was a trial in the circuit court, and a verdict rendered in favor of the plaintiff for $6,964.18, the court reserving "the question whether there is any evidence to go to the jury in support of the plaintiff's claim." Afterwards the court entered judgment for the defendant non obstante veredicto. This writ of error is to that judgment.

The question of law involved in the reservation is whether the decree or judgment of the supreme court in and for the county of New York, in the state of New York, in a former action wherein the Glencove Granite Company was the plaintiff, and Patrick Costello and the City Trust, Safe Deposit & Surety Company were defendants, against Patrick Costello, the principal in the bond here in suit, and dismissing the complaint as against the City Trust, Safe Deposit & Surety Company, the surety in the bond, was an adjudication in favor of the surety company upon the question of its liability upon the bond, and conclusive against the plaintiff in the suit in the circuit court. 114 Fed. 978. This question is presented to this court for the first time. It was not before us upon the former writ of error. The only question we were then called on to decide was whether the affidavits of defense sufficiently averred a former adjudication of the subject-matter of the suit in the circuit court. This court determined no other question. City Trust, Safe Deposit & Surety Co. v. Glencove Granite Co., 51 C. C. A. 139, 113 Fed. 177.

In stating that this court had declared that the decree or judgment of the supreme court of New York in the former action was rendered upon the merits, the learned judge below misread our opinion. From first to last that opinion dealt with the question of the sufficiency of the affidavits of defense. The particular passage from the opinion quoted by the learned judge below enforced the view that the New York action involved the merits of the case as between the plaintiff and the surety company, but did not declare that the merits were adjudicated therein. We were careful to note that we did not have before us the whole record in the New York action; and, finally, to avoid misapprehension as to the scope of the decision, the opinion concluded thus:

"We think, therefore, that, as the case now stands, there appears at least a prima facie defense. The apparent obstacle to a recovery may be open to explanation, and thus put out of the way. Again, if the statutory inhibition against doing business operates only on the remedy, and may be lifted if the delinquent corporation is able to procure out of time the issuance by the secretary of state of the required certificate (Neuchatel Asphalte Co. v. City of New York, 155 N. Y. 373, 377, 49 N. E. 1043), it may be competent for the plaintiff to show here that it obtained such a certificate since the former trial, or even before. Upon these questions we intimate no opinion.

We hold simply that the affidavits of defense sufficiently met the plaintiff's statement of claim, and that the case should have gone to trial."

Upon the trial in the circuit court an exemplification of the whole record in the New York court, showing the entire proceedings, was put in evidence. Thereby it appears how it came to pass that a decree or judgment was rendered against Costello, the principal in the bond, while there was a decree or judgment in favor of the surety company dismissing the complaint. The answer of Costello admitted that before the bringing of the action the corporation plaintiff had been granted a certificate permitting it to do business in the state of New York, whereas the answer of the surety company put this in issue. The plaintiff failed to produce the certificate, and at the close of its case the attorney for the surety company moved the court to dismiss the complaint on the ground that there was no proof that a certificate had been granted, and for this lack of proof and for no other reason the complaint against the surety company was dismissed.

Clearly, only such effect is to be given here to the decree or judgment in the New York suit as it has under the law of the state in the courts of that state. Hampton v. McConnel, 3 Wheat. 234, 4 L. Ed. 378. What effect, then, would be given to this decree or judgment in the courts of New York by the law of that state? Section 1209 of the Revised Code of Civil Procedure of the state of New York enacts as follows:

"A final judgment, dismissing the complaint, either before or after a trial, rendered in an action hereafter commenced, does not prevent a new action for the same cause of action, unless it expressly declares or it appears by the judgment roll that it is rendered upon the merits."

It is well settled that this section applies as well to equitable actions as to legal actions. Petrie v. Trustees, 92 Hun, 81, 36 N. Y. Supp. 636; Genet v. Canal Co., 163 N. Y. 173, 178, 57 N. E. 297. Undoubtedly section 1209 of the Code, above quoted, is applicable to the action in the New York supreme court here in question.

The final decree or judgment in that action does not expressly declare that it "is rendered upon the merits," and it does not appear by the judgment roll that it was rendered upon the merits as respects the surety company. To the contrary, upon an examination of the entire judgment roll as contained in the exemplification of the record in evidence, we find that it affirmatively appears thereby that the complaint was dismissed as against the surety company, not upon the merits, but only because of failure to produce proof that a certificate to do business in the state of New York had been granted to the plaintiff. Now, the courts of New York have uniformly held that where a complaint is dismissed in default of proof the judgment is not upon the merits. Martin v. Cook (Sup.) 14 N. Y. Supp. 329, affirmed in 142 N. Y. 654, 37 N. E. 569; Colyer v. Guilfoyle (Sup.) 62 N. Y. Supp. 21; Kruger v. Persons (Sup.) 64 N. Y. Supp. 841. Under the provisions of section 1209 of the New York Civil Code of Procedure and the decisions of the courts of that state (those just cited and others) it is clear, we think, that the decree or judgment in the former action dismissing the complaint as against the surety com-

pany was no bar to another suit against the company for the same cause of action. Wheeler v. Ruckman, 51 N. Y. 391; Petrie v. Trustees, supra; Genet v. Canal Co., supra; Stokes v. Railroad Co., 89 Hun, 2, 34 N. Y. Supp. 1051.

The court of appeals of the state of New York has held section 15 of the general corporation act of that state does not invalidate the contract of a foreign corporation, but only affects the civil remedies thereon, suspending the same, and that if the delinquent corporation is able to procure the subsequent issuance of a certificate entitling it to do business in the state the statutory inhibition is lifted and its effect removed. Neuchatel Asphalte Co. v. City of New York, 155 N. Y. 373, 49 N. E. 1043. This construction of the New York statute by the highest court of that state is binding upon us. At the trial of this case in the court below the plaintiff put in evidence a certificate in due form and legally executed, dated February 18, 1897, authorizing the plaintiff corporation to do business in the state of New York. Undoubtedly this certificate removed the obstacle to an action in the courts of New York upon the contract in suit here, and the like effect is to be given to the certificate in this jurisdiction.

It is true that this certificate had been issued before the former action in the supreme court of New York was brought, and it was not produced at the trial there. But its nonproduction at the former trial is not fatal to the plaintiff's cause of action; for, as we have seen, the decree or judgment in the supreme court of New York was not rendered upon the merits. For this reason the principle of estoppel which the counsel for the defendant in error presses upon our attention is not applicable here. The rule on this subject is thus authoritatively expressed in Cromwell v. Sac Co., 94 U. S. 351, 352, 24 L. Ed. 195:

"In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

The certificate from the office of the secretary of state of New York, in connection with the other evidence in the case, entitled the plaintiff to the verdict which the jury rendered in its favor. From what we have said, it follows that the court erred in entering judgment for the defendant non obstante veredicto.

The judgment of the circuit court in favor of the defendant is reversed, and the case is remanded to that court, with direction to enter a judgment in favor of the plaintiff upon the verdict.

DALLAS, Circuit Judge. My concurrence in the conclusion now reached in this case is not to be understood as indicating that the views which I expressed when it was previously before this court (51 C. C. A. 139, 113 Fed. 177) are not still entertained by me, although, of course, the decision of the majority of the court upon that occasion must be taken to have determined the law respecting the matter then adjudicated.