### LEWIS PUB. CO. v. PALMER.

(Supreme Court, Appellate Term. June 22, 1903.)

1. FOREIGN CORPORATION—AUTHORITY TO DO BUSINESS—ORDER FOR GOODS—
   VALIDITY OF CONTRACT.
   A foreign corporation can recover for goods sold, though when its agent took the order therefor it had not filed any certificate of authority entitling it to do business in the state; such certificate having been obtained before the order was filled and the goods delivered.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Lewis Publishing Company against William H. Palmer. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Henry C. Hunter, for appellant.
Metcalf B. Hatch, for respondent.

PER CURIAM. This action was brought to recover the agreed price for a work called the "History of Long Island," and for a steel engraving of the defendant with impressions inserted in such work. The plaintiff is an Illinois corporation, and its agent took the order for the work done for the defendant in 1900, and prior to the plaintiff's filing any certificate of authority entitling it to do business in this state. The order was not filed and the goods delivered until after such certificate was obtained. If it is to be held that the contract between the parties was completed when the order was taken, the decision in The Neuchatel Asphalte Co. v. Mayor, etc., of New York, 155 N. Y. 373, 49 N. E. 1043, defeats the claim of the defendant that the contract cannot be enforced; and, if the contract was not complete until delivery, the plaintiff had then complied with the law. In either view of the case, judgment for the plaintiff was correct.

Judgment affirmed, with costs.

¶ 1. See Corporations, vol. 12, Cent. Dig. § 2545.