## Marsh *et al.* *versus* Marshall.

1. An affidavit of defence to a suit on a note against the endorsers alleged, that the note was made to defendants "for the use of one —— Gray," that the endorsers were accommodation endorsers, that the note belonged to "said Gray," given in consideration of an agreement "with said Gray and one A. H. Gray and others" for land; that the land had not been conveyed; that the note was taken by "said Gray" for his part of the sale, that $1000 had been paid, that the note was obtained by false representations, that the parties had not the land they represented, and that the note after maturity belonged to Gray. *Held*, to be insufficient.

2. The agreement should have been set out and the breach of its terms specifically alleged.

3. It was immaterial that the vendors had not the lands, if they should have them in time for the purposes of the agreement.

4. When a party swears in his own case, it is presumed that he swears as hard as he can with a good conscience, and that whatever is not in the affidavit does not exist.

5. If a note is overdue when negotiated, a defence is as available against it as if held by the original payee.

ERROR to the Court of Common Pleas of *Erie county*.

F. F. Marshall brought an action of assumpsit on the 22d of February 1866, against A. T. Marsh and W. L. Cleveland, as endorsers of a note held by him, a copy of which he filed, exhibiting his claim, as follows:—

"$1500.                           "Erie, Pa., Dec. 4th 1865.

"Sixty days after date, I promise to pay to the order of A. T. Marsh and W. L. Cleveland Fifteen Hundred Dollars, at the Marine National Bank of Erie.   Value received.

[Signed]     "F. G. IRWIN."
[Endorsed]   "A. T. MARSH,
             "W. L. CLEVELAND."

The defendants filed the following affidavit of defence made by F. G. Irwin, the maker of the note:—

"The said F. G. Irwin saith that there is a just, full and legal defence to the whole of the plaintiff's claim, of which said defence he has personal knowledge of the facts, and is as follows:— The said note was made by him the said affiant to the said defendants, Marsh & Cleveland, for the use and benefit of one —— Gray, late of the state of Kentucky, that there was no consideration whatever given or paid to him the said Irwin, the maker of said note, by said Cleveland and Marsh; but that said note was made to them that they, the said Marsh and Cleveland, might become accommodation endorsers; and that said note was the property of said Gray, and was given to him in consideration of an agreement made with said Gray and one A. H. Gray, F. F. Farrar and others, to convey or transfer to him, said affiant, the one fifty-sixth interest in the lease or leases in 11,800 acres

[Marsh *v.* Marshall.]

of oil lands in the state of Kentucky, and the one fifty-sixth interest in fee simple in 200 acres of oil lands in the said state of Kentucky; and this affiant said that the said parties have not conveyed to him said interests, although he has often requested them to do so; that this note in suit was taken by said Gray for his part, or in part payment of his interest in said sale, made by said aforementioned parties, of which he the said Gray, was one; that he, this affiant, has already paid $1000 on said purchase, that he has received no consideration whatever for said note, and that said note was obtained from him by false and fraudulent representations by said parties; that said parties had not the oil lands and leases they represented, and this affiant saith that said note belonged to said Gray at and after its maturity, as he was informed by said plaintiff, F. F. Marshall; and that said Gray, or said Gray and A. H. Gray and F. F. Farrar, are yet the owners of said note, and that said plaintiff F. F. Marshall is only the nominal owner and plaintiff, as he is informed and believes."

The rules of the Erie Common Pleas allow the affidavit of defence to be made by the defendant, "or some one for him, who has personal knowledge of the matters and things to which he deposes;" and require that the "nature and character of the defence shall be duly and distinctly set forth."

The court below entered judgment against the defendants for want of a sufficient affidavit of defence.

This was the error assigned.

*G. W. DeCamp*, for plaintiffs in error, cited Hunter *v.* Reilly, 12 Casey 509; Hutchinson *v.* Boggs, 4 Id. 294; Sitgreaves *v.* Mechanics' Bank, 13 Wright 359.

*J. C. Marshall*, for defendant in error.

The opinion of the court was delivered, November 1st 1866, by

WOODWARD, C. J.—The only question here is upon the sufficiency of the affidavit of defence. The action was by an endorsee of a promissory note against Marsh & Cleveland, the payees, who were also the endorsers; and the affidavit of defence was made not by either of them but by Irwin the maker of the note. Some doubt was expressed on the argument, whether an affidavit made by a third party could avail the defendants upon the record; but the rule of court in Erie county has been produced, which shows that the affidavit may be made by the defendant, "or some one for him who has personal knowledge of the matters and things to which he deposes." Irwin swears that he has personal knowledge of the facts, and he was competent, therefore, to make the affidavit.

But was the affidavit, as to its substance, sufficient? The defence that it discloses is, that the note was given to one Gray, of Kentucky, whose Christian name is not mentioned, in consideration

[Marsh *v.* Marshall.]

of an " agreement made by Irwin with said Gray and one A. H. Gray, F. F. Farrar and others, to convey to or transfer to him, said affiant, the one fifty-sixth interest in the lease or leases in 11,800 acres of oil lands in the state of Kentucky, and the one fifty-sixth interest in fee simple in 200 acres of oil lands in the said state of Kentucky; and this affiant saith that the said parties have not conveyed to him said interests, although he has often requested them to do so ; that this note was taken by said Gray for his part, or in part payment of his interest in said sale ; and that the affiant has already paid $1000 on said purchase, and has received no consideration whatever for said note."

This is an exceedingly defective statement of a contract for the purchase of real estate. The time when the agreement was made and the time when it was to be performed are not stated— the Christian name of the principal vendor, the very one to whom this note was made, is not known to the affiant—how much of the purchase-money was to be paid before the title was to be conveyed we are not informed, though some of it certainly was to be prepaid, for the affiant says he had paid $1000. This note was given to —— Gray in payment of his interest in the sale, but whether the title was to come from him or his fellows, and when and on what conditions, *non constat.* Even the parties to the agreement are not disclosed by the affidavit, for it was made with the three men named " and others." Who were these " *others*," and what were their rights and responsibilities under the agreement ? For aught that appears, Gray's right to receive this note was as good as the right of some of the parties to receive the $1000 already paid. These sums, the $1000 paid, and this $1500 note, constitute probably an inconsiderable part of the consideration agreed to be paid for so large a purchase—perhaps they were the hand-money at the making of the contract—but what the whole consideration was, what part of it these sums were, and what conditions were next to be performed by either of the parties, are subjects upon which the affidavit is studiously silent.

Suppose a jury had found a special verdict setting forth such facts as this affidavit contains, what judgment could a court render ? Could they say that the contract was null or valid, performed or broken, subsisting or forfeited, without knowing more about it ? Could the purchase-money be said to be due or not due—this note to be paid or not paid ? Upon such a loose and inconclusive statement of part of the facts of the case, no court would deem it prudent to base a judgment. If this note was given in consideration of an agreement of purchase, the agreement should have been set out, and the breach of its terms specifically alleged out of which the failure of consideration arose. Then there would have been some ground laid for an intelligent judgment, but there is none now.

[Marsh v. Marshall.]

The affiant alleges that he has received no consideration for his note, but he has received the agreement for the oil leases and the lands.   If he means that he has not received what the agreement entitled him to expect, he should have shown us what his rights were under the agreement, and what he has failed to get that he was entitled to have.

Again, he alleges that the parties had not the oil lands and leases they represented.   This is immaterial if they have them in time for the purposes of the agreement.   If they undertook to sell lands for which they had not the title, let this be shown. Show us what they agreed to convey and when, and that they have not performed and cannot perform their covenant.   But for aught that appears in this affidavit, the vendors, neither the ascertained nor the unascertained, are unable or unwilling to perform everything in their agreement.

Again, the affiant alleges that the note was obtained by false and fraudulent representations.   The note was obtained for the agreement, and before characterizing it with opprobrious adjectives it should have been exhibited, or at least the substance of it set forth.

It was claimed in argument that the affidavit was entitled to a liberal construction.   If by this counsel meant, that we should press inferences and intendments beyond the necessary meaning of the terms employed, we cannot assent to the proposition, because when a party swears in his own case, it is to be presumed that he swears as hard as he can with a good conscience.   In Lord v. The Ocean Bank, 8 Harris 387, it was laid down that whatever is not said in an affidavit of defence is taken not to exist.

Now here we have the maker of this negotiable note swearing in behalf of his accommodation endorsers, under a rule of court which required that the "*nature and character of the defence shall be duly and distinctly set forth*," and yet he would allow himself to make no fuller exhibition of the nature and character of the defence than the very defective statements we have analyzed. We do not think any just rule of interpretation can help out this affidavit.   The plaintiff has a legal cause of action in hand, and it seems to us impossible to say from what is alleged in the affidavit, that a primâ facie defence to that cause of action has been shown.

We lay no stress upon the fact that the note is in the hands of an endorsee, for it may be inferred from the affidavit that it was overdue when negotiated, and if it was, the defence would be as available as it would be against the original payee.   But on account of the intrinsic and essential deficiencies of the affidavit, we think the judgment was rightly entered for the plaintiff, and it is accordingly affirmed.