## J. R. WILLARD v. H. W. REED ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF ERIE COUNTY.

Argued April 30, 1889—Decided January 6, 1890.

Where an affidavit of defence does not deny the contract averred in the
statement of claim, but sets up as a defence a subsequent and different
agreement between the parties, this agreement, if in writing, should be
appended; if not in writing, its terms should be stated with particularity,
so that the court may determine whether the construction of it claimed
by defendant is warranted or not; otherwise, the statement of claim
presenting a prima facie case, the plaintiff is entitled to summary judg-
ment.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 81 January Term 1889, Sup. Ct.; court below, No. 83
September Term 1888, C. P.

On June 22, 1888, James R. Willard brought assumpsit
against Harriet W. Reed and Charles M. Reed, executors of
Charles M. Reed, deceased, filing a statement of claim aver-
ring:

That on June 7, 1883, James R. Willard was the owner of a
certain lease made by the executors of Chas. M. Reed, deceased,
the defendants in this case, to J. R. Willard, Eben Brewer and
Wesley Hooker, and dated the 13th day of November, 1877, in
which the said executors, the defendants herein, did demise,
lease, and let unto the said James R. Willard, Eben Brewer and
Wesley Hooker all the building known as Park Place, in the
city of Erie, county of Erie, Pennsylvania, to have and to hold
the said building with the appurtenances unto the said James
R. Willard, Eben Brewer and Wesley Hooker from the 1st day
of April, 1878, for and during the term of ten years, to wit, the
1st day of April, 1888, for the annual rental or sum of $550;
and the said James R. Willard, the plaintiff, was in possession
of said premises under and by virtue of said lease. That the
defendants sold the demised premises to the United States and

Statement of Facts.

were required to give possession in pursuance of said sale; and in consideration that the plaintiff would agree to cancel the said lease and surrender possession of said demised premises to the said United States at any time when the said United States should require him so to do, the defendants, by a certain writing dated June 7, 1883, signed by the said Chas. M. Reed, executor, on behalf of the defendants, a copy of which is hereto attached, agreed to pay the plaintiff herein the sum of $2,000, after deducting therefrom the amount of rent remaining unpaid upon said lease up to April 1, 1883, and the further sum of $400 for each and every full year from April 1, 1883, the said tenants, or those occupying said demised premises under said lease, shall occupy the same; the balance of the said $2,000, after deductions above stated, to be paid to James R. Willard, the plaintiff, when the said Reed should thereafter take down the buildings on the demised premises at the request of the United States. And the plaintiff avers that he did cancel said lease and did surrender possession of said demised premises to the United States on June 7, 1883, in pursuance of his agreement so to do; that the amount of rent accruing to the defendants, to be deducted from said sum of $2,000 in pursuance of said agreement, is the sum of $319.21 and interest thereon. And the plaintiff further avers that the defendants did take down the building on the demised premises at the request of the United States on or about October 1, 1885, and the defendants have neglected and refused to pay the plaintiff the aforesaid amount, although requested so to do, etc.

An affidavit of defence was filed, sworn to by Charles M. Reed, one of the defendants, and containing the following averments:

"That this deponent, after the making of said agreement of June 8, 1883, upon which the above stated suit is brought, to wit, on August 19, 1884, purchased from the said James R. Willard his, said Willard's, entire interest in the Erie Dispatch printing, publishing, binding and newspaper establishment, in which purchase was included the lease of said building, at the price or sum of $33,995.20, which said sum has since been fully paid by this deponent and was in full payment of any claim that might thereafter accrue to said plaintiff under said agreement upon which this suit is brought. That in consideration

of the said Willard agreeing to surrender the said building whenever the United States government should desire the same, the rent was reduced to the annual sum of $400 ; that two years and four months' rent, amounting to $933.33, which with the sum of $319.21, rent due at the time of making said agreement, amounting in all to the sum of $1,252.54, in any event should be deducted from the said sum of $2,000 in said agreement mentioned, which was the amount of rent then due and afterwards accrued up to the first of October, 1885, before said building was taken down, and to be deducted from the said sum mentioned in said agreement; and that the said defendants are not indebted to said plaintiff in any sum whatever upon said agreement in suit."

A rule for judgment for want of a sufficient affidavit of defence was then taken, and on October 29, 1888, after argument, the court, GUNNISON, P. J., made the rule absolute, and judgment was entered in favor of the plaintiff for $2,224.66.    Thereupon the defendants took this appeal assigning the order entering judgment for the plaintiff, for want of a sufficient affidavit of defence, for error.

*Mr. F. F. Marshall*, for the appellants.
Counsel cited: McCullough v. Boyd, 120 Pa. 552; Hunter v. Reilly, 36 Pa. 509.

*Mr. E. L. Whittelsey*, for the appellee.
Counsel cited: Erie City v. Butler, 120 Pa. 374; Peck v. Jones, 70 Pa. 83.

OPINION, MR. JUSTICE STERRETT :
The averments contained in the statement of claim, in connection with the contract of June 7, 1883, appended to and made part thereof, present a clear prima facie case in favor of plaintiff below.    Neither the averments of fact, nor the contract to which they relate, are traversed or denied by defendants' affidavit, nor does it contain any averment of fact, by way of confession and avoidance, that can be regarded as a substantial defence to the claim or any part thereof.    For reasons given in his opinion, the learned president of the Common Pleas was therefore right in entering judgment for want of a sufficient affidavit of defence.

Opinion of the Court.

The averment that on August 19, 1883, Charles M. Reed, one of the defendants, purchased the entire interest of the plaintiff "in the Erie Dispatch printing, publishing, binding, and newspaper establishment," including the lease of the building referred to in the contract or agreement of June 7, 1883, and that the sum paid therefor "was in full payment of any claim that might thereafter accrue to said plaintiff under said agreement upon which this suit is brought," is too vague and uncertain. We are not informed whether the alleged contract of purchase was in writing or not. If it was in writing, as presumably an important purchase, involving the payment of nearly $34,000, would be, a copy of the contract or bill of sale should have been appended to the affidavit of defence; if not in writing, the terms of the verbal contract should have been stated with such particularity that the court might have had an opportunity of judging for itself whether the construction claimed by defendants was warranted or not. The averment that the purchase money paid for the printing establishment, etc., "was in full payment of any claim that might thereafter accrue to said plaintiff under said agreement upon which this suit is brought," is not supported, as it should be, by a copy of the alleged contract of purchase, or a statement of the terms thereof. The defendants have undertaken to state their own conclusion as to the effect of the alleged purchase, without furnishing us with the facts from which that conclusion is drawn.

There is nothing else in the affidavit of defence that requires special notice.

Judgment affirmed.