## SARAH WANNER v. BENJ. LANDIS ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF LANCASTER COUNTY.

Argued May 19, 1890—Decided October 6, 1890.

1. Except as to negotiable paper in the hands of innocent parties, parol evidence,—here the testimony of a grantor, corroborated by three others, —may be admitted to contradict, vary, or even avoid a written instrument, where it shows clearly that but for oral stipulations, made at the time, the instrument would not have been executed.
2. In this case, it did not appear that the court was asked to withdraw the case from the jury, or to instruct them that the evidence adduced was insufficient to justify a verdict in favor of the plaintiff; but, by common consent, the case was regarded as involving questions of fact to be submitted to the jury: Per Mr. Justice STERRETT.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MC COLLUM, JJ.

No. 125 January Term 1890, Sup. Ct.; court below, No. 46 August Term 1888, C. P.

On July 6, 1888, Sarah Wanner brought assumpsit against Benjamin Landis and Martin Shaeffer. Issue.

At the trial on August 29, 1889, the plaintiff proved by proper and sufficient evidence that she was entitled to have

from the defendants the sum of $243.84, arrearages of annual interest payable to her on April 1, 1888, charged in her favor as the widow of Joseph Wanner, deceased, upon lands owned by the defendants.

The defendants showed, by like evidence, that on March 23, 1887, the plaintiff, as and in the name of Sarah Haldeman, with David Haldeman, Henry Haldeman and Ann Haldeman, her uncles and aunt, made a deed of assignment of all their estates, real and personal, for the benefit of creditors, to Peter Stauffer, who accepted the trust, and thereunder had received from the defendants the annual interest payable to the plaintiff April 1, 1887, and April 1, 1888, had charged himself with the same in his account, and had paid out the balance shown upon a distribution directed by the court.   They also showed that the plaintiff's dower interest had been sold by the assignee, at public sale, to Jacob A. Stauffer, for $830, after a notice by the plaintiff, however, that it did not pass by the deed of assignment referred to.

In rebuttal, the plaintiff was called and shown the deed of assignment, signed by "her mark:"

Q. What was said to you at the time, before you signed it, to induce you to sign it?

Objected to by defendants.

By the court: Admitted; exception.[1]

"A. Peter Stauffer came to me the day of the assignment and said we should make this assignment.   I asked for what this should be for; he said this don't amount to anything, it is just for this land and the stock.   I signed it with that meaning; Ann and Henry and Reibel were there; August Reibel.   The deed was not read over to me; it was not read; there was nothing read; it was not explained what it was.   When this was said, Burkholder and Cooper were not in; they were out on the porch.   Nothing was said about signing all our property away; nothing of that kind said.   [Shown notice.]   I signed this notice and sent Reibel out to serve it on the day of sale; we four owned this farm and the stock together."

Henry Haldeman, August Reibel and Ann Haldeman, who were present when the deed of assignment was executed, were called by the plaintiff, and corroborated her testimony above given.

Charge of Court below.

At the close of the testimony, the court, LIVINGSTON, P. J., after instructing the jury that the interest of the plaintiff in the lands of her deceased husband was realty and would pass as such by her deed, proceeded:

There has been evidence offered here to show that there was some conversation between her and the assignee at or about the time of signing the deed of assignment, that the assignment was only for the farm and stock and then she signed it; that it is fraudulent. The law is, that no person, in the absence of fraud or mistake, will be allowed to dispute his or her own deed or written instrument, and as a general rule he will be estopped from disputing recitals or covenants which are contained in such deed. A party to a contract or written instrument alone is not a sufficient witness to disaffirm his own deed or contract; he alone cannot change or vary it. Parol evidence is not admissible to contradict or vary a written instrument, unless: (*a*) There has been fraud, accident or mistake in the creation of the instrument itself; or (*b*) unless there has been an attempt to make a fraudulent use of the instrument, in violation of a promise or agreement made at the time the instrument was signed, and without which it would not have been signed or executed: Phillips v. Meily, 106 Pa. 537.

In cases of fraud or mistake as to material facts, parol evidence of what occurred at the time of the execution of the writing is competent to explain the meaning of the parties, except as to negotiable paper in the hands of innocent parties. Where and when admitted, the evidence of what occurred at the execution of the instrument is clear and precise as .to the fraud or mistake, there is no limitation as to the power to modify, explain or reform written agreements or contracts. Such evidence may be admitted to contradict, vary or even avoid a written instrument, where it clearly shows that but for the oral stipulations it would not have been executed, except as to negotiable paper, as I have stated. [Does the parol evidence show any parol agreement or stipulation, made at the time this assignment was executed and delivered, without the making of which it would not have been made, executed or delivered? Does it show any fraud? Does it clearly prove fraud or mistake, or the existence of a contemporaneous parol agreement or parol stipulation, without which it would not have been executed?][3] . . . . .

Opinion of the Court.

The plaintiff requests the court to charge the jury:

1. If the jury believe from all the evidence in the case that Mrs. Wanner, the plaintiff, joined in the deed of assignment by reason of the conversation testified to by her, as well as by Mr. Reibel, Henry Haldeman, and Ann Haldeman, which took place just before the signing, that the parties were only assigning the farm, stock, and such other property as they held in common, and that such was the condition under which she signed, then her dower interest or share in her late husband's real estate, of which these defendants are the owners, did not pass by said assignment, and the sale of it afterwards to Jacob A. Stauffer, public notice having been given at such sale of plaintiff's ownership, gave no title to the purchaser.

By the court: Affirmed.[2]

—The jury returned a verdict for the plaintiff for $264.56. A rule for a new trial having been discharged, judgment was entered, when the defendants took this appeal, assigning for error:

1. The admission of plaintiff's offer.[1]
2. The answer to plaintiff's point.[2]
3. The portion of the charge embraced in [ ] [3]

*Mr. H. C. Brubaker*, for the appellants.

*Mr. W. R. Wilson*, for the appellee.

OPINION, MR. JUSTICE STERRETT:

Considered in connection with other evidence in the cause, including the testimony of August Reibel, Henry Haldeman and Ann Haldeman, the question complained of in the first specification was rightly admitted.

There was no error in affirming the point recited in the second specification. The evidence tended to prove the facts of which it is predicated, and was therefore proper for the consideration of the jury. If they found the facts to be as stated in the point,—and the verdict shows they did,—the legal conclusion drawn therefrom is correct. It does not appear that the court was asked to withdraw the case from the jury, or instruct them that the evidence was insufficient to justify a verdict in favor of the plaintiff. By common consent, the case was re-

Syllabus.

garded as involving questions of fact upon which it was the province of the jury to pass, and it was accordingly submitted to them in a clear and comprehensive charge, in which they were adequately instructed as to the degree of proof necessary to authorize a verdict in favor of the plaintiff. The learned president of the Common Pleas appears to have been satisfied with the verdict, and for reasons given at length in his opinion filed and returned with the record, the motion for a new trial was denied.

There appears to be no error in that part of the charge recited in the third and last specification. In connection with other portions of the charge, it contains a clear and correct statement of the law applicable to the facts which the evidence tended to prove. The court had previously instructed the jury that, in cases of fraud or mistake as to material facts, parol evidence of what occurred at the time of the execution of the writing is competent to explain the meaning of the parties, except as to negotiable paper in the hands of innocent holders; that when the evidence is clear and precise, as to the fraud or mistake, there is no limitation as to the power to modify, explain or reform written agreements, and that such evidence may be admitted to contradict, vary or even avoid a written instrument where it clearly shows that but for the oral stipulations it would not have been executed. Preceded, as it was, by these and other instructions, there is nothing erroneous or misleading in that part of the charge complained of.

Judgment affirmed.