CONSUMERS' GAS CO. OF DANVILLE *v.* AMERICAN ELECTRIC CONSTRUC-
TION CO., LIMITED.

*(Circuit Court of Appeals, Third Circuit. April 22, 1892.)*

1. AFFIDAVIT OF DEFENSE—ACTION ON WRITTEN CONTRACT—PAROL AGREEMENT.
    An affidavit of defense to an action on a written contract to recover the price of an electric light plant alleged that plaintiff had agreed, at the time the contract was made, to execute a satisfactory bond indemnifying defendant against suits for infringement of certain patents, but had failed to execute such a bond. The writ-ten contract contained no provision for indemnity, and the affidavit neither alleged that such provision was omitted by fraud or mistake, nor that defendant was induced to execute the written contract by reason of the alleged parol agreement. *Held*, that it must be presumed that the agreement for a bond was verbal, and, as evi-dence thereof would be inadmissible, the affidavit was insufficient. 47 Fed. Rep. 43, affirmed.

2. SAME—INFRINGEMENT OF PATENT—CLAIM FOR DAMAGES.
    A purchaser of a machine who has had the undisturbed use and possession thereof cannot, in the absence of fraud, withhold the purchase price because of an alleged liability on his part to a patentee for infringement of his rights in the use of the property. 47 Fed. Rep. 43, affirmed.

3. SAME—VAGUE AND INDEFINITE ALLEGATIONS.
    The general allegations that plaintiff "had not complied with the contract," and that defendant "had already been put to great delay and exposure and damages, to the amount of ten thousand dollars," were too vague, indefinite, and uncertain to present a sufficient defense. 47 Fed. Rep. 43, affirmed.

Error to the Circuit Court of the United States for the Western Dis-trict of Pennsylvania.

Action by the American Electric Construction Company, Limited, against the Consumers' Gas Company of Danville. An affidavit of de-

fense was adjudged insufficient, (47 Fed. Rep. 43,) and defendant brings error.    Affirmed.

*James Scarlett,* for plaintiff in error.

*C. E. Morgan,* for defendant in error.

Before Acheson, Circuit Judge, and Butler and Green, District Judges.

Acheson, Circuit Judge.    An affidavit of defense is insufficient to prevent judgment, unless it sets forth all the facts necessary to constitute a substantial defense.    Mere general averments amounting to legal conclusions will not do.    The specific facts must be stated, so that the court may draw the proper conclusions.    Nothing should be left to conjecture, for that which is not stated must be taken not to exist.    These principles have been repeatedly declared and enforced.    *Bryar* v. *Harrison,* 37 Pa. St. 233; *Marsh* v. *Marshall,* 53 Pa. St. 396; *Peck* v. *Jones,* 70 Pa. St. 83; *Asay* v. *Lieber,* 92 Pa. St. 377.

The action here was to recover a balance alleged to be due to the plaintiff below from the defendant upon a written contract, dated July 6, 1888, whereby the plaintiff company agreed to furnish and set up at the works of the defendant company certain machinery and appliances for an electric light plant, and also to construct certain circuits of poles and wires upon specified terms.    A copy of the contract was attached to the affidavit of claim, and also a particular statement of the plaintiff's account, with the credits to which the defendant was entitled, and performance by the plaintiff was distinctly averred.    The affidavit of claim was complete.    It was then incumbent upon the defendant to file an affidavit setting forth specifically, and with reasonable certainty, the grounds of defense.    The court below decided that the affidavit of defense filed was insufficient to prevent judgment, and, after careful consideration, we have reached the same conclusion.

As regards the Conard claim, it is quite evident that credit therefor was actually given to the defendant in the plaintiff's statement of account filed, with a slight error in amount, which the court below corrected. This was not seriously controverted upon the argument in this court.

No valid defense was disclosed by the allegations in the defendant's affidavit that, at the time the written contract was entered into, the plaintiff agreed with the defendant to fully indemnify and save it harmless as against any and all demands and claims under or growing out of letters patent of the United States, and against any and all suits for the infringement thereof, by reason of its use of the electric light plant, or any of its parts, erected by the plaintiff under said contract, and to give to the defendant, on demand, a good, sufficient, and satisfactory bond so to do; that the plaintiff, in recognition of this obligation, tendered to the defendant a bond, which was not acceptable to and was not accepted by the defendant, as it was neither good, sufficient, nor satisfactory to indemnify and save harmless the defendant; and that the plaintiff failed, on demand, to give to the defendant such a bond as it agreed to do.    No provision whatever for indemnity is to be found in the written contract

sued on, nor is it averred in the affidavit of defense that such provision was omitted therefrom by fraud, accident, or mistake. Now, as it is not alleged that the agreement with respect to indemnity was in writing, it must be taken to have been by parol. A writing will not be assumed to exist, in the absence of express averment of the fact. *Marsh* v. *Marshall, supra.* Moreover, if the alleged collateral agreement was in writing, the defendant was bound to annex a copy to its affidavit. *Erie City* v. *Butler,* 120 Pa. St. 374, 14 Atl. Rep. 153; *Willard* v. *Reed,* 132 Pa. St. 5, 18 Atl. Rep. 921. It follows, therefore, that without any averment of fraud, accident, or mistake, the defendant sought, by means of a parol agreement made contemporaneously with the written contract, and as a part of the transaction, materially to vary the written contract, and to introduce therein an entirely new stipulation, changing the plaintiff's liability under its implied warranty of title, and imposing upon it an additional obligation. Plainly, this defense would contravene the rule, so often enforced by the supreme court of the United States, that, in the absence of fraud, accident, or mistake, it must be conclusively presumed that the written contract contains the whole engagement of the parties. *Brown* v. *Spofford,* 95 U. S. 474; *Bast* v. *Bank,* 101 U. S. 93; *Richardson* v. *Hardwick,* 106 U. S. 252, 254, 1 Sup. Ct. Rep. 213. In Pennsylvania, although there has been some relaxation of this rule, it must nevertheless appear that the party who sets up the oral promise or undertaking was induced thereby to sign the written contract. *Phillips* v. *Meily,* 106 Pa. St. 536; *Wanner* v. *Landis,* 137 Pa. St. 61, 20 Atl. Rep. 950; *Sidney School Furniture Co.* v. *Warsaw School Dist.,* 130 Pa. St. 76, 18 Atl. Rep. 604. But the affidavit of defense here contains no allegation that the defendant was induced, by reason of the alleged parol agreement, to execute the written contract. Under the Pennsylvania decisions, then, the defense set up is clearly inadmissible.

Such being our conclusion, we need express no opinion upon the question whether, under the collateral parol agreement stated, it was enough for the defendant simply to allege that the tendered bond was not good, sufficient, or satisfactory, without assigning any specific reason why it was not. It may be here added that, if the fact of tender could be regarded as an admission against the plaintiff, it would be an admission merely that the defendant was entitled to such a bond as the plaintiff offered and the defendant declined.

That part of the defendant's affidavit which asserts that a certain named patentee has served the defendant with notice of a claim for damages for infringement of letters patent by the defendant's use of the machinery and appliances furnished to it by the plaintiff, and that by such use the defendant is also liable to another patentee, affords no ground of defense to this action. A purchaser of property, who has had the full use and enjoyment of the same, and is in the undisturbed possession thereof, in the absence of fraud, cannot withhold the purchase price because a third person claims to have a superior title thereto, or an adverse right therein, and threatens to bring suit to enforce the same, or because of an alleged liability on the part of the purchaser to a patentee for an

infringement of letters patent, by reason of the use of the property. *Wanzer* v. *Truly*, 17 How. 584, 585; *Krumbhaar* v. *Birch*, 83 Pa. St. 426; *Geist* v. *Stier*, 134 Pa. St. 216, 19 Atl. Rep. 505.

Finally, the general allegations, without further specification, that the plaintiff "has not complied with its contract," and that the defendant "has already been put to great delay and exposure and damages to the amount of ten thousand dollars," are altogether too vague, indefinite, and uncertain, as the authorities cited at the opening of this opinion demonstrate. The court below was entirely right in holding that the affidavit of defense was insufficient, and in entering judgment for the plaintiff.

Judgment affirmed.