## NORTHERN NAT. BANK v. HOOPES.

### SAME v. SMYTHE.

(Circuit Court, E. D. Pennsylvania. January 11, 1900.)

### Nos. 18, 19.

1. PLEADING—AFFIDAVIT OF DEFENSE.

While an affidavit of defense need not be framed with the technical accuracy of formal pleadings, it must disclose all the elements of a substantial defense, and cannot be strengthened by intendment.

2. SAME—ALLEGING BREACH OF WARRANTY.

An affidavit of defense does not sufficiently aver a breach of a contract of warranty that certain machinery to be furnished for a dredge should be of ample strength and good construction, and should perform the work specified, without breaking down, if properly handled, by alleging that the "dredge and machinery" failed to perform the work, and broke down, and which fails to allege that the machinery was properly handled.

3. PROMISSORY NOTES—CONTRACT OF INDORSER—PAROL EVIDENCE TO VARY.

By the uniform decisions of the United States courts, the contract created by the indorsement and delivery of a negotiable note cannot be contradicted, added to, or varied by proof of a contemporaneous parol agreement; and, the question being one of general commercial law, such rule governs in all federal courts.

On Rule for Judgment for Want of Sufficient Affidavits of Defense.

Sharpe & Alleman and Geo. E. Johnson, for plaintiff.

Charles H. Burr, T. B. Harned, and John A. McCarthy, for defendants.

DALLAS, Circuit Judge. These cases have been argued together upon the plaintiff's rule for judgment for want of a sufficient affidavit of defense in each of them. They present the same questions, and may both be disposed of in a single opinion.

The actions are brought upon a promissory note, as follows:

$3,100.                                   Philadelphia, 1st April, 1899.

Four months after date, I promise to pay to the order of Vulcan Iron Works Co. thirty-one hundred dollars, at Northern National Bank, Toledo, Ohio, without defalcation, for value received.

[Signed]                                          John McGill White.

No. ———. Due, ———.

[Indorsed]
Frank C. Smythe.
Herman Hoopes.

Pay to the order of Northern National Bank of Toledo, Ohio.

The Vulcan Iron-Works Co.,
By Alex. Backus, Prest. & Tr.
Alexr. Backus.

The affidavit avers facts which, it is contended, show that the defense alleged is as available against the actual plaintiff as it would be against the Vulcan Iron-Works Company; but this point need not be decided, because I am of opinion that, even as against the Vulcan Company, no valid defense has been sufficiently exhibited.

It is not necessary that an affidavit of defense should be framed with the technical accuracy of formal pleadings, but it must disclose all the elements of a substantial defense. It ought to aver distinctly, either upon knowledge or information and belief, every necessary fact. Nothing should be left to mere inference. It is altogether probable that the statement of the defendant will in all cases present the nature and character of his defense as strongly as the facts will justify. It cannot be strengthened by intendment. The court has a right to expect a clear and distinct averment of the facts on which the defense must turn. If the defendant has not been able to set up a prima facie case for himself, it cannot help him by inference drawn from obscure language which he by a word or two might have made plain. "If a defendant, when he has the stand to himself, cannot make out a case in his favor, it must be because he has none, and he ought not to ask the court to patch up a case for him." Comly v. Bryan, 5 Whart. 265; Bardsley v. Delp, 88 Pa. St. 420; Peck v. Jones, 70 Pa. St. 84. But, upon construing the present affidavit as favorably for the defendant as is reasonably possible, it appears that the defense relied upon is simply this: That the note in suit is one of several notes which were given by John McGill White, who was treasurer of the Boise Dredging Company, indorsed by Frank C. Smythe and Herman Hoopes, who were directors of that company, "upon an express oral agreement that said notes were to be paid at maturity if the aforesaid guaranty of the Vulcan Iron-Works Company was satisfactorily performed, otherwise an offset for damages was to be allowed; and in no event was payment to be made until full test was made." The "guaranty" referred to in "the express oral agreement" thus set up to defeat the plaintiff's right to recover is stated to be contained in a certain contract made by the Vulcan Iron-Works Company with the Boise Dredging Company, a copy whereof is annexed to the affidavit. By this contract the Vulcan Company agreed to furnish to the dredging company "certain machinery for one elevator bucket dredge, as per specifications," and "to assist in the setting up

of our machinery on board your dredge"; and the "aforesaid guaranty," as expressed in the contract, is in these words: "We will guaranty ample strength and good construction in every part, and that the material and workmanship shall be first-class. We will guaranty the machinery we furnish to perform the work specified, without breaking down, if properly handled." The only averment that this undertaking was not "satisfactorily performed" is "that the Vulcan Iron-Works Company has wholly failed to carry out said contract with said Boise Dredging Company; that said dredge and machinery have failed to perform the work called for by said contract, having broken down repeatedly, and have never been able to work at the rate of sixteen buckets per minute, owing to defects in workmanship." If this averment had ended with the general assertion that the Vulcan Company has failed to carry out its contract, it would, under all the authorities, have been clearly defective, as lacking specification and definiteness, and this defect is not remedied by the statements which follow. There is no guaranty that the dredge and machinery would perform the work called for. The guaranty related, of course, only to the machinery which the Vulcan Company was to furnish; and that the dredge and machinery have broken down repeatedly, and have never been able to work at the rate of speed specified, because of defects in workmanship, might well be true, and yet not have been due to any lack of strength and good construction in the material and workmanship of the machinery supplied by the Vulcan Company. Furthermore, there is no allegation that the machinery supplied by that company, or even any other part of the general construction, broke down when being properly handled, although the proper handling of the machinery was made an express condition of the guaranty. Brick v. Coster, 4 Watts & S. 494; Rising v. Patterson, 5 Whart. 320; Wilson v. Lyle (Pa. Sup.) 16 Atl. 861. So much for the alleged guaranty and its breach. But with respect, also, to the consequence which it is said was to result from failure to perform it, the affidavit contains no adequate statement. It alleges the express oral agreement to have been that, if the guaranty was satisfactorily performed, the note should be paid, but "otherwise an offset for damages was to be allowed, and in no event was payment to be made until full test was made." Yet no information is given as to whether the defendant claims an "offset for damages," and, if so, for what amount, either exact or approximate, or whether, on the other hand, he proposes to insist that payment of the note is not presently demandable, because no full test has been made.

Apart, however, from the particular defects which have been pointed out, this affidavit is, I think, radically insufficient, because the issue which it tenders is a wholly inadmissible one. The oral agreement alleged is in direct contradiction of the absolute obligation incurred by the defendant's indorsement of the note sued on, and it cannot be received to annex a condition to that obligation. Bank v. Dunn, 6 Pet. 51, 8 L. Ed. 316. Although the note appears to have been drawn in Pennsylvania, it was made payable in Ohio, and seems to have been, after indorsement, delivered in that state; but I do not deem it necessary to determine the place of contract, for the question with

which I am now dealing is one, not of local, but of general, commercial law. Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; Watson v. Tarpley, 18 How. 517, 15 L. Ed. 509; Brooklyn City & N. R. Co. v. National Bank of Republic of New York, 102 U. S. 29, 26 L. Ed. 61. In Pennsylvania it has, it is true, been decided that the contract evidenced by the blank indorsement of a promissory note is not subject to the rule which excludes oral evidence to alter or vary the terms of a written agreement. Ross v. Espy, 66 Pa. St. 482. But the distinction upon which this decision was based seems to me to be unwarranted. The contract of indorsement is not an "implied" one. An implied contract, in the legal sense of the term, is one which has no existence in fact, but which the law, for the furtherance of justice, imposes upon a party who, under the circumstances of the case, ought to be held as if he had contracted, though in truth he never contracted at all. It is founded upon legal obligation, but is actually nonexistent, whereas the contract of indorsement is a veritable one, in which the element of consent is always present. "It is an express contract, and is in writing, some of the terms of which, according to the custom of merchants, and for the convenience of commerce, are usually omitted, but not the less on that account perfectly understood. All its terms are certain, fixed, and definite, and, when necessary, supplied by that common knowledge, based on universal custom, which has made it both safe and convenient to rest the rights and obligations of parties to such instruments upon an abbreviation, so that the mere name of the indorser, signed upon the back of a negotiable instrument, conveys and expresses his meaning and intention as fully and completely as if he had written out the customary obligation of his contract in full." Martin v. Cole, 104 U. S. 37, 26 L. Ed. 647. It may well be doubted whether the doctrine of Ross v. Espy would now be maintained even in Pennsylvania. Phillips v. Meily, 106 Pa. St. 536. The tendency of the recent decisions of its supreme court (too numerous to be conveniently cited) has been towards a more strict enforcement of the parol-evidence rule; and certain it is that the peculiar departure from that rule which was made (not for the first time) in Ross v. Espy has not been generally sanctioned by the courts of the other states. See Chaddock v. Vanness, 35 N. J. Law, 517, overruling Johnson v. Martinus, 9 N. J. Law, 144, and Allen v. Furbish, 4 Gray, 506. But the decisions of the courts of the United States are, for this tribunal, of paramount authority; and by them it has been uniformly held that the terms of the contract created by the indorsement and delivery of a negotiable note may not be contradicted, altered, added to, or varied by proof of a contemporaneous parol agreement. The ruling of Mr. Justice Washington in the case of Bank Co. v. Evans, 4 Wash. C. C. 480, Fed. Cas. No. 13.635 (not 4 Wall., as cited in Ross v. Espy), was expressly rejected by the supreme court of the United States in the case of Bank v. Dunn, 6 Pet. 51, 8 L. Ed. 316, and is in direct conflict with the judgment of that court in Bast v. Bank, 101 U. S. 93, 25 L. Ed. 794, and in Martin v. Cole, 104 U. S. 30, 26 L. Ed. 647. In each of the cases mentioned at the head of this opinion the plaintiff's rule for judgment for want of a sufficient affidavit of defense is made absolute.