## FARNHAM CO. v. SOUTHEASTERN CONST. CO.

(Circuit Court, E. D. Pennsylvania. April 19, 1906.)

No. 58.

EVIDENCE—CONTEMPORANEOUS ORAL AGREEMENT ADDING TERMS TO WRITTEN CONTRACT.

In an action at law on a written contract, an affidavit of defense setting out a contemporaneous verbal agreement adding a term to the contract, and alleging its breach by plaintiff, does not state a defense under the rule, strictly enforced, by the federal courts, that a written contract cannot be varied or altered by parol, where there is no allegation of fraud, accident, or mistake.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2030–2047.]

On Motion for Judgment for Want of Sufficient Affidavit of Defense.

Thos. Raeburn White, for plaintiff.
Charles L. McKeehan and Joseph S. Clark, for defendant.

J. B. McPHERSON, District Judge. The execution of the written contract upon which this suit is brought is not denied, neither is the correctness of the specifications that are made a part of that agreement. It is also conceded, or at all events it is not disputed, that the amount of money claimed by the plaintiff is due and owing by the defendant under the provisions of the contract. The only defense set up by the affidavit is that there was an oral term of the contract, which is thus set out in the affidavit of defense:

"In consideration of these undertakings by the defendant, the plaintiff undertook and agreed that it would immediately cause to be transferred, assigned and delivered to the defendant, 7,500 shares of the capital stock of the plaintiff company, of the par value of $100 each; said shares being then outstanding in the hands of third parties, full paid, and nonassessable. * * * *"

The affidavit then sets out repeated demands by the defendant that the stock should be assigned, and the plaintiff's refusal so to do. By reason of this alleged breach of the plaintiff's verbal agreement, the

defendant avers that it has been damaged to the amount of $775,000, and claims to set off this amount against the sum claimed in the plaintiff's statement. There is no averment in the affidavit that the verbal agreement to deliver stock was omitted from the written contract by fraud, accident, or mistake; and there is no averment that the written contract was executed in reliance upon any such verbal engagement. This being so, it seems to me that the case falls within the well-known rule, which is strictly enforced by the federal courts, that parol evidence may not be heard to alter the terms of a written contract. As it seems to me, the case is not to be distinguished from American Electric Co. v. Consumers' Gas Co. (C. C.) 47 Fed. 43, which was affirmed on appeal, 50 Fed. 778, 1 C. C. A. 663. The following quotation from Judge Acheson's opinion in the court of appeals will state the reasons for the court's conclusion:

"No valid defense was disclosed by the allegations in the defendant's affidavit that, at the time the written contract was entered into, the plaintiff agreed with the defendant to fully indemnify and save it harmless as against any and all demands and claims under or growing out of letters patent of the United States, and against any and all suits for the infringement thereof, by reason of its use of the electric light plant, or any of its parts, erected by the plaintiff under said contract, and to give to the defendant, on demand, a good, sufficient, and satisfactory bond so to do; that the plaintiff, in recognition of this obligation, tendered to the defendant a bond, which was not acceptable to, and was not accepted by, the defendant, as it was neither good, sufficient, nor satisfactory to indemnify and save harmless the defendant; and that the plaintiff failed, on demand, to give to the defendant such a bond as it agreed to do. No provision whatever for indemnity is to be found in the written contract sued on, nor is it averred in the affidavit of defense that such provision was omitted therefrom by fraud, accident, or mistake. Now, as it is not alleged that the agreement with respect to indemnity was in writing, it must be taken to have been by parol. A writing will not be assumed to exist, in the absence of express averment of the fact. Marsh v. Marshall, supra [53 Pa. 396]. Moreover, if the alleged collateral agreement was in writing, the defendant was bound to annex a copy to its affidavit. Erie v. Butler, 120 Pa. 374, 14 Atl. 153; Willard v. Reed, 132 Pa. 5, 18 Atl. 921. It follows, therefore, that without any averment of fraud, accident or mistake, the defendant sought, by means of a parol agreement made contemporaneously with the written contract, to introduce therein an entirely new stipulation, changing the plaintiff's liability under its implied warranty of title, and imposing upon it an additional obligation. Plainly this defense would contravene the rule, so often enforced by the Supreme Court of the United States, that, in the absence of fraud, accident, or mistake, it must be conclusively presumed that the written contract contains the whole engagement of the parties. Brown v. Spofford, 95 U. S. 474, 24 L. Ed. 508; Bast v. Bank, 101 U. S. 93, 25 L. Ed. 794; Richardson v. Hardwick, 106 U. S. 252, 254, 1 Sup. Ct. 213, 27 L. Ed. 145. In Pennsylvania, although there has been some relaxation of this rule, it must nevertheless appear that the party who sets up the oral promise or undertaking was induced thereby to sign the written contract. Phillips v. Meily, 106 Pa. 536; Wanner v. Landis, 137 Pa. 61, 20 Atl. 950; Sidney School Furniture Co. v. Warsaw School Dist., 130 Pa. 76, 18 Atl. 604. But the affidavit of defense here contains no allegation that the defendant was induced, by reason of the alleged parol agreement, to execute the written contract. Under the Pennsylvania decisions, then, the defense set up is clearly inadmissible."

The case of Northern Nat. Bank v. Hoopes (C. C.) 98 Fed. 935, a later case decided in this circuit, is also in point.

The rule for judgment is made absolute.