ROSS, Circuit Judge. It is insisted on behalf of the appellant that this action was one at law, and that the court below committed such palpable error in entertaining and sustaining the equitable defense thereto that this court should consider such error in the absence of an assignment of error in that regard. If counsel be correct in that contention, the necessary result would be a dismissal of the appeal; for it is the well-settled rule that errors committed in an action at law are reviewable here only by means of a writ of error. But it is clear from the complaint itself that the suit is of an equitable nature, and was so treated by the respective parties in the trial court. It was brought by the appellant to recover 75 per cent. of the gross proceeds of gold taken from a certain mining claim leased by him to the appellee, in accordance with the terms of a certain written lease set out in the complaint, to obtain an injunction restraining the defendant in the suit from making any further extraction of gold from the premises, to obtain an accounting of the gold already extracted by him, and the appointment of a receiver to take and hold the property pending the litigation. Nothing more need be said to show that the suit was essentially one in equity. Therefore the defendant thereto was plainly entitled to set up in defense, as he did, that the 75 per cent. of the gross proceeds provided by the lease set up in the complaint to be paid to the lessor was intended by the parties thereto to be 25 per cent. only, and that the figures 75 were inserted, instead of the figures 25, by the mutual mistake of the parties, and that accordingly the lease should be reformed, and the rights of the respective parties fixed in accordance with such reformation.

In the giving of the evidence upon that controverted question, exceptions were reserved by the appellant to various rulings of the trial court, which are here assigned as error, and upon which, in accordance with the practice prevailing in equity cases, we do not rule upon. It is sufficient to say that we find in the record ample evidence to sustain the findings of the court to the effect that the mistake claimed by the appellee was made, and that the real agreement of the parties provided for the payment to the lessor by the lessee of 25 per cent. only of the gross proceeds of the leased ground.

The judgment is affirmed.

MORROW, Circuit Judge, took no part in this decision.

SOUTHEASTERN CONST. CO. v. FARNHAM CO.

(Circuit Court of Appeals, Third Circuit. November 12, 1906.)

No. 11.

EVIDENCE—PAROL EVIDENCE AFFECTING WRITING.

In an action at law on a written contract, an affidavit of defense setting out a contemporaneous verbal agreement adding a term to the contract by creating an additional obligation on the part of plaintiff, and alleging a breach of such agreement, does not state a defense, under the settled rule

that, when a contract has been reduced to writing, such writing cannot be contradicted, altered, added to, or varied by oral evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2030–2047.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 144 Fed. 989.

Charles L. McKeehan, for plaintiff in error.

Thomas Raeburn White, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. The decision of the circuit court is sufficiently supported by the opinion of the learned District Judge. 144 Fed. 989. The suggestion now made, that the only extrinsic proof requisite to sustain the defense which he held to be insufficient in law, would be of "a consideration additional to the consideration named in the writing," cannot be accepted. What really was proposed by the affidavit of defense was not merely to show by oral evidence that, as a fact, a consideration other than that mentioned in the written contract was given, but to vary the terms of the contract itself, by adding to it an obligation-creating provision which it did not contain; and this could not be done without violation of the long-settled rule, that when a contract has been reduced to the form of a document or series of documents, the contents of any such document or documents may not be contradicted, altered, added to, or varied by oral evidence.

The judgment is affirmed.

---

UNITED STATES PLAYING CARD CO. v. A. G. SPALDING & BROS.

(Circuit Court of Appeals, Second Circuit. April 24, 1899.)

No. 141.

PATENTS—INFRINGEMENT—DUPLICATE WHIST TRAYS.

The Bisler patent, No. 525,941, for a duplicate whist tray, is not for a primary invention, but covers improvements only on existing trays, and its claims must be strictly limited to the improvements described. As so construed, held not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

The United States Playing Card Company brought a bill in equity, based upon the alleged infringement of letters patent No. 525,941, dated September 11, 1894, and issued to Gustav A. Bisler for an improved tray for playing duplicate whist. Two trays, respectively known as "Paine's Whist Tray" and "Kalamazoo Ideal Whist Tray," were sold by the defendants, and each was claimed to be an infringement. The decree of the Circuit Court found that claims 1 and 2 of the Bisler patent were valid, that the Paine tray infringed claim 1, and that the Kalamazoo tray infringed both claims. From this decree the defendants appealed to this court.