# Willson, Appellant, v. Harned.

*Practice, C. P.—Affidavit of defense—Copy of written instrument.*

1. When an affidavit of defense sets up a written instrument as a defense against the claim of the plaintiff, it must have attached to it, or contain a copy of the instrument in order that the court can construe it and determine whether the defendant's interpretation of the same is correct, unless he gives a good and sufficient reason for his inability to attach such copy.

2. In an action against a sales agent to recover the value of goods delivered to the defendant, and not accounted for in cash, or returned, where the statement of claim sets forth the terms of the agreement between the parties, and an itemized statement of the goods in question, an affidavit of defense is insufficient which avers that defendant left certain of the goods intrusted to him with customers on trial and that he "did all he could to collect for goods so left on trial, or to have the goods returned, and down to the time he quit acting as agent for plaintiffs, the amount of goods left on trial uncollected for and not returned, amounted to quite an amount, probably in the neighborhood of the amount claimed by plaintiffs in this case; that said deponent has books showing an account of the goods left on trial, and uncollected for, and will produce the same at the trial of this cause."

3. In such a case if the defendant had books showing an account of the goods left on trial, and unaccounted for, he was bound to incorporate that account in his affidavit of defense, and swear to its correctness.

4. In an action based upon a written agreement, an affidavit of defense is insufficient which avers that the contract had been changed in writing, and "that deponent has a copy of said contract last entered into, and will produce the same upon the trial of this cause." A copy of such changed contract must be annexed to the affidavit.

Argued April 13, 1914. Appeal, No. 65, April T., 1914, by plaintiffs, from order of C. P. Erie Co., Nov. Term, 1912, No. 37, discharging rule for judgment for want of a sufficient affidavit of defense in case of Benjamin C. Willson, surviving partner of the firm of Willson Brothers v. Bert Harned et al. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the statement of claim and affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Frank Gunnison,* of *Gunnison, Fish, Gifford and Chapin,* with him *Thomas S. Woodruff,* for appellants.

*L. M. Davis,* for appellee, filed no printed brief.

OPINION BY PORTER, J., July 15, 1914:

The defendant Harned had entered into a written agreement with the plaintiff under the provisions of which he was to act as the exclusive agent for the sale of the products of the manufacturing plant of the plaintiff, within a specified territory. The agreement required the plaintiff to deliver to Harned such goods as he might order for sale, and it required Harned to sell the goods for cash only at marked prices, to keep a correct and complete account of every cash sale and all goods left on trial, to make out and send to the plaintiff, at the end of each week, a report showing all sales of the preceding week, the amount of cash received therefor, and to remit the cash collections; to make and send to the plaintiff a complete inventory of all goods on hand

on the first day of March, May, July, September, November and January, and state amount of goods at retail prices left on trial and not paid for. Harned upon the same day executed and delivered to the plaintiff his bond, with C. H. Wright and Harvey T. Mills as sureties, conditioned that Harned "shall in all respects faithfully perform the terms of said contract, or any renewal of the same, on his part to be performed, and render to said Willson Bros. a just and true account of all such money, goods and chattels and other things as have come into his hands, charge or possession as such agent as aforesaid, and shall pay over, account for and deliver to said Willson Bros. all that part of the money so received by him, as shall belong to them, and shall deliver to said Willson Bros. all goods, chattels and other articles belonging to them on demand." The statement of plaintiff avers and the affidavit of defense does not deny that Harned on May 12, 1910, refused longer to perform the service agreed upon by him to be performed, whereupon the plaintiff directed said Harned to pay over to him all the moneys due at that time and to return to him all the goods remaining unsold, as provided in said contract. Under the provisions of the agreement and bond Harned, upon his refusal to further act under the contract, was required to pay over and account for all moneys received by him and deliver to the plaintiff all goods, chattels and other articles belonging to them on demand. The statement of plaintiff averred that plaintiff had delivered to the defendant goods to the value of $505.75, for which he had failed to pay or account; and attached to and made part of the statement was an account stating each specific item of goods delivered by plaintiff to Harned, with the date thereof, together with an itemized statement of the credits to which Harned was entitled. Harned, on behalf of himself and the other defendants, filed an affidavit of defense, whereupon the plaintiff took a rule to show cause why judgment should not be entered for

want of a sufficient affidavit of defense, which rule the court discharged, and the plaintiff excepted to that order and now appeals.

The statement filed by plaintiff was complete in every detail, it set forth every specific item of merchandise delivered to the defendant, with the date and value thereof. The affidavit of defense did not deny that Harned had received any of the property alleged in the statement, nor did it deny that he had failed to pay or account for the goods. The only attempt to account for the goods or any part of them contained in the affidavit of defense was as follows, viz.: "That during the years said deponent was acting as agent for the plaintiffs, in addition to selling goods for cash he left large quantities of goods on trial with parties he judged to be responsible, in accordance with said contracts, a greater part of which goods so left on trial he either took back or collected the cash for. Some of the goods he so left on trial he was unable to get returned or to collect the value thereof, for various reasons which were entirely beyond his control, some people moving away and he being unable to find them, sales being made largely to miners in Mercer county, many of whom were foreigners. That said deponent did all he could to collect for goods so left on trial or to have the goods returned, and down to the time he quit acting as agent for plaintiffs the amount of goods left on trial, uncollected for and not returned, amounted to quite an amount, probably in the neighborhood of the amount claimed by the plaintiffs in this case. That said deponent has books showing an account of the goods left on trial and uncollected for and will produce the same at the trial of this cause." The affidavit admits that the greater part of the goods left on trial the defendant had either taken back or collected cash for. The cash which he had collected he ought to have paid over and the goods which he had taken back he ought to have accounted for. As to the goods which he asserted he had left on trial and had

been unable to recover, the affidavit is vague and evasive. The defendant ought to have stated what goods he had left on trial and been unable to recover, with the specific value thereof, but instead of doing so he makes a wild guess that the amount uncollected for and not returned, "amounted to quite an amount, probably in the neighborhood of the amount claimed by the plaintiffs in this suit." This kind of guessing will not do in an affidavit of defense. If the defendant had books showing an account of the goods left on trial and unaccounted for, as he asserts in his affidavit, then he was bound to incorporate that account in his affidavit of defense, and swear to its correctness.

The averment of the affidavit of defense that a new contract was made, on April 24, 1908, the terms of which were different from the contracts entered into prior thereto, is also insufficient to prevent judgment. The affidavit distinctly states that the alleged contract, of April 24, 1908, was in writing, "that deponent has a copy of said contract last entered into and will produce the same upon the trial of this cause." When an affidavit sets up a written instrument as a defense against the claim of a plaintiff, it must have attached to it or contain a copy of the instrument in order that the court can construe it and determine whether the defendant's interpretation of the same is correct, unless he gives a good and sufficient reason for his inability to attach such copy: Erie City v. Butler, 120 Pa. 374; Willard v. Reed, 132 Pa. 5; Superior National Bank v. Stadelman, 153 Pa. 634. This affidavit did not sufficiently aver facts constituting a defense to the claim of the plaintiff as against Harned, nor did it properly aver that the contract had been so changed as to relieve Wright and Mills, the sureties, from liability for the goods delivered by plaintiff to Harned.

The order of the court below is reversed and the record is remitted with direction to enter judgment against the defendants for sum such as to right and jus-

tice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.

ORLADY, HEAD, HENDERSON, JJ., dissent.