## INDEPENDENT HARVESTER CO. v. TINSMAN.

(Circuit Court of Appeals, Seventh Circuit. September 6, 1918.)

### No. 2558.

1. SALES ☞43(3)—RESCISSION—REPRESENTATION OF FACT.
   Representation that an invention can be used without infringing any existing patent may be one of fact, rather than mere opinion, as regards right to rescind a contract of sale made in reliance thereon.

2. JUDGMENT ☞585(4)—RES JUDICATA—DIFFERENT CAUSES OF ACTION.
   Judgment on a note is not an estoppel to suit to rescind for fraud the contract under which the note was given; that issue not having been actually litigated in the action on the note, and the causes of action being different.

3. SALES ☞126(1)—SUIT FOR RESCISSION—LACHES.
   Bill to rescind for fraud having been filed within a few months after the fraud was discovered, and within less than the period of limitations after the making of the representations, suggestion of laches, in the absence of a showing of special circumstances, is without force.

4. SALES ☞43(2)—RESCISSION—MISREPRESENTATION—INTENT.
   Material misrepresentation, made to induce purchase and actually relied and acted on, is sufficient for rescission, and the seller's intention is immaterial.

5. SALES ☞123—RESCISSION—CONDITIONS PRECEDENT.
   Eviction from enjoyment of patent is not a condition precedent to right of purchaser to rescind for fraudulent misrepresentation that invention infringed no existing patent.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Independent Harvester Company against Samuel H. Tinsman. From an adverse decree, complainant appeals. Reversed, with directions.

Charles S. Burton, of Chicago, Ill., for appellant.
Charles C. Bulkley, of Chicago, Ill., for appellee.

Before BAKER and EVANS, Circuit Judges.

BAKER, Circuit Judge. This appeal challenges a final decree based on a ruling that appellant's bill failed to state a cause of action in equity.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A brief outline will suffice for a background against which to consider the points of assault.

In November, 1909, Tinsman represented to Thompson, appellant's president, that Tinsman had invented a new cultivator, that he was thoroughly versed in the cultivator art, and that his invention could be patented and could be fully used without infringing any subsisting patents. Thompson was inexpert and without knowledge or information respecting the state of the art, so informed Tinsman, and Thompson relied upon Tinsman's representations, as Tinsman knew, in entering into a written contract for the invention and Tinsman's services in making a commercial embodiment. Under the contract appellant paid Tinsman $500 and gave him seven notes for $1,000 each, payable one a year for seven years. In 1904 Tinsman took out a cultivator patent, which prevented the use of his 1909 improvements. This 1904 patent Tinsman had sold and assigned to others before he came to Thompson. Three additional prior patents also prevented the free manufacture and sale of the cultivator that Tinsman was building for appellant. Before appellant learned these facts two notes were paid and suit was started on the third. Prayer was for rescission, restoration of consideration paid, and injunction against prosecution of the suit on the third note. By a supplemental bill appellant showed that pending this suit Tinsman had obtained judgment in the suit on the third note, and prayed that he be enjoined from taking out execution thereon.

[1] 1. Appellee says that statements respecting infringement are only expressions of opinion, as this court ought to know from its experience in patent cases. No matter how difficult it may be from the evidence in patent cases, courts are forced to make a finding of fact with respect to infringement. Appellee, however, was free to limit himself to an expression of opinion; but, according to the bill, he made representations of fact regarding the place of his 1909 improvements in the cultivator art.

[2] 2. What is the effect of the stated fact that judgment has been entered upon the third note? As to the cause of action based upon that note all issues are closed, not only those that were actually litigated, but also those that might have been. But fraud as a ground for rescission of the contract is a different cause of action, and the judgment on the note is not an estoppel against counting on fraud in procuring the contract unless that issue was actually litigated in the suit on the note. And the bill does not disclose that it was. Packet Co. v. Sickles, 24 How. 333, 16 L. Ed. 650; Davis v. Brown, 94 U. S. 423, 24 L. Ed. 204; Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 681; Chemical Co. v. Kirven, 215 U. S. 252, 30 Sup. Ct. 78, 54 L. Ed. 179.

[3] 3. Appellee contends that laches is a bar. In Maine, where appellant was and is located, and where the contract was made and to be performed, six years is the period after which actions at law or in equity on account of fraud shall not be commenced. R. S. Me. c. 83, § 99. And in Illinois, where appellee is a citizen and resident, and where he is being sued, the limitation is five years. R. S. Ill. par. 7217, § 22. Time does not begin to run until the fraud has been, or

might with diligence have been, discovered. Kirby v. Lake Shore, etc., Ry. Co., 120 U. S. 130, 7 Sup. Ct. 430, 30 L. Ed. 569; Bailey v. Glover, 21 Wall. 342, 22 L. Ed. 636. As the bill was filed within a few months after the fraud was discovered, and within less than five years after the representations were made, the suggestion of laches, in the absence of any showing of special circumstances which would justify equity in shortening the legal period, is wholly without force.

[4] 4. Appellee assails the bill because it contains no direct averment that Tinsman knew that the representations were false when he made them. In an action of deceit by vendee against vendor, intentional misrepresentation by the vendor is an essential element. But in a bill for rescission, the question whether the vendor intentionally falsified is immaterial. It is enough that the representation was contrary to fact, was material, was made to induce the vendee to act, and was actually relied and acted upon by the vendee to his injury. Smith v. Richards, 13 Pet. 26, 10 L. Ed. 42; Turner v. Ward, 154 U. S. 618, 14 Sup. Ct. 1174, 23 L. Ed. 391; Benton v. Ward (C. C.) 47 Fed. 253; Simon v. Goodyear Rubber Shoe Co., 105 Fed. 573, 44 C. C. A. 612, 52 L. R. A. 745; Hindman v. First Nat. Bank, 112 Fed. 931, 50 C. C. A. 623, 57 L. R. A. 108; Kell v. Trenchard, 142 Fed. 17, 73 C. C. A. 202; In re American Knit Goods Manufacturing Co., 173 Fed. 480, 97 C. C. A. 486.

[5] 5. Appellee also insists that, because appellant was never evicted from enjoyment of the patent, it has no right to rescind. A right of rescission arises on discovery of the fraud, not on eviction. Otherwise, the greater the fraud, the less chance there would be for the right of rescission ever to be exercised. If the party defrauded were given so little that no third party would ever attempt to take it away from him, the defrauding party would be forever safe. Such a strange doctrine would put a great premium on rascality. As a matter of fact, it is elementary that, when asking a court of equity to rescind a contract, it is not even necessary to tender back any benefits that may have been enjoyed, or to offer to make compensation therefor, as the decree of the court will see that equity is done. Even cases which hold that eviction is a condition precedent to the vendee's right to refuse payment on the ground that the title given by the vendor was defective are very careful to state expressly that eviction is not a condition precedent in cases of fraud. Peters v. Bowman, 98 U. S. 56, 25 L. Ed. 91; Consumers' Gas Co. v. American Electric Co., 50 Fed. 778, 1 C. C. A. 663.

The decree is reversed, with direction to overrule the motion to dismiss the bill.

NOTE.—Judge KOHLSAAT was present at the argument and agreed in consultation that the decree should be reversed, but he died before the opinion was prepared.